**ALTAIR CORPORATION, Formerly Caribbean Finance Co., Inc., Plaintiff, Appellant,**

v.

**Carmen PESQUERA DE BUSQUETS and Angel S. Biaggi, Defendants, Appellees.**

No. 85–1041.

United States Court of Appeals, First Circuit.

Argued June 3, 1985.

Decided Aug. 7, 1985.

---

18. *Colangeli,* 353 Mass. at 530, 233 N.E.2d at 194.

Jay A. Garcia Gregory, San Juan, P.R., with whom Fiddler, Gonzalez & Rodriguez, San Juan, P.R., Jorge L. Suarez and Melendez Carrucini & Suarez-Montes, Hato Rey, P.R., were on brief for plaintiff, appellant.

Reina Colon De Rodriguez, Asst. Sol. Gen., San Juan, P.R., with whom Rose Mary Corchado Lorent, Asst. Sol. Gen. and Americo Serra, Acting Sol. Gen., San Juan, P.R., were on brief for defendants, appellees.

Before COFFIN, BOWNES and DAVIS,* Circuit Judges.

DAVIS, Circuit Judge.

Appellant Altair Corp. brought this action in the United States District Court for the District of Puerto Rico alleging a violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (1982), by appellees Pesquera de Busquets and Biaggi, former Acting Secretary and Secretary of the Puerto Rico Department of Consumer Affairs (DOCA) (we refer to both as "the Secretary"). Al-

tair alleges that Pesquera deprived Altair of its property in the amount of $1,605,-342.47 when without public hearings she promulgated Order No. 1 on July 14, 1980, lowering the maximum lawful interest rates on consumer loans for new and used automobiles.[1] The district court granted Pesquera's motion for summary judgment on the grounds that (1) these public officials enjoyed the protection of a qualified immunity when issuing orders of this type and (2) that the applicable statute of limitations had run on reconsideration, the district court added that the suit is barred by the doctrine of *res judicata*. We affirm on the statute of limitations ground.[2]

 The Supreme Court has established that state law statutes of limitations apply to suits in federal courts arising under § 1983. *See Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). Recently, after a period in which federal courts of appeals were divided on the question of which particular state statutes should apply in § 1983 actions, the Supreme Court has specified that the state statute of limitations applicable to "the tort action for the recovery of damages for personal injuries is the best alternative available." *Wilson v. Garcia*, —— U.S. ——, ——, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (U.S.1985). This court had previously held that the appropriate statute of limitations in Puerto Rico is 31 L.P.R.A. § 5298(2) (a one-year limitation), relating to tort actions "for obligations arising from fault or negligence." *See Graffals Gonzalez v. Garcia Santiago*, 550 F.2d 687 (1st Cir.1977) (*per curiam*); *Ramirez de Arellano v. Alvarez de Choudens*, 575 F.2d 315 (1st Cir.1978). With respect to Puerto Rico, *Wilson v. Garcia* requires us to sustain this court's earlier conclusion. Application of the one-year statute of limita-

---

* Of the Federal Circuit, sitting by designation.

1. Order No. 1 for the Revision of Interest Rate and/or Finance Charges for Retail Installment Sales and Financing Contracts of Motor Vehicles lowered the lawful interest rates from 11% and 10% to 9% and 8% for new and used automobiles respectively.

2. We express no opinion on the district court's discussion of qualified immunity or *res judicata*.

**32**

tions, as by the district court here, is proper for § 1983 actions brought in the federal district court in Puerto Rico.

■ Another issue is whether the applicable statute of limitations was tolled under Puerto Rico law while an intervening suit by Altair's predecessor sought judicial review of Order No. 1 in the Superior Court of Puerto Rico on August 27, 1980, within one year of the date Order No. 1 went into effect. The judgment of that court, holding that Order No. 1 was invalid because of DOCA's failure to conduct public hearings, became final on October 12, 1982. Altair filed the current suit on August 22, 1983, within one year of the Superior Court's final judgment, but of course beyond one year after promulgation of Order No. 1 (on July 14, 1980). Altair urges that the intervening suit in the Superior Court tolled the statute of limitations while it was pending, and that this suit is therefore not time barred.

The district judge ruled that the running of the statute of limitations in this case was not tolled by the earlier suit because in that suit Altair's predecessor sought injunctive relief against enforcement of Order No. 1 by Pesquera in her official capacity, while Altair now seeks damages against Pesquera personally. This court faced a similar issue in *Ramirez de Arellano, supra*, and ruled that an intervening action based on a different statute and seeking different relief does not toll the running of the statute of limitations as to a subsequent action under § 1983. "[T]o toll the statute, the action must be the case at bar, and not merely a somewhat related action arising from the same facts." 575 F.2d at 320. In a similar case, *Hernandez del Valle v. Santa Aponte*, 575 F.2d 321 (1st Cir.1978), this court ruled that a public employee's request for reinstatement did not toll the statute of limitations with regard to a later action in federal court for damages under § 1983. The request for reinstatement failed to afford defendant "fair notice that he might be called upon to defend a damages suit, with different issues not applicable to a suit for injunctive

relief." *Id.* at 324. Thus, the policy of repose underlying the statute of limitations applicable to § 1983 cases mandates that an aggrieved party in Puerto Rico not only assert some rights within the specified period, but requires that the plaintiff call for an award of damages before the statute runs.

In this case, Altair's predecessor brought the action in Puerto Rico's Superior Court under 3 L.P.R.A. § 341p(e), which allows appeals from decisions of the Secretary of DOCA on the administrative record. The most the Superior Court could do under that provision is strike the Secretary's order (as it did in this case); it could not award damages in an action brought exclusively under that statute. Therefore, as in *Hernandez del Valle*, defendant below "was not called upon to defend a damages suit, with different issues not applicable to a suit" under § 341p(e). Thus, the earlier suit did not toll the statute of limitations and the present suit was time barred.

■ Altair also urges that the Secretary's action was a continuing violation of its civil rights and that the statute of limitations did not begin to run until the Puerto Rico court's judgment became final (thus ending the delict) in October 1982. We cannot agree. The statute of limitations begins to run upon the invasion of plaintiff's interest. *Kadar Corp. v. Milbury*, 549 F.2d 230, 234–35 (1st Cir.1977). Altair's argument concerning the continuing violation exception to the general rule confuses a continuing act with a single act that has continuing consequences. *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981) ("A continuing violation is occasioned by continuing unlawful acts, not by continued ill effects from an original violation.") In a § 1983 case concerning the unlawful taking of property, the statute of limitations begins to run on the date of the wrongful appropriation. *Schaeffer v. Stack*, 641 F.2d 227 (5th Cir.1981); *Kittrell v. City of Rockwall*, 526 F.2d 715 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 379 (1976). Altair has alleged no subsequent acts beyond the Secretary's ini-

tial order lowering interest rates. On these facts, the limitations period began on the date of the Secretary's alleged wrongful conduct. *Cf., Lai v. City of Honolulu,* 575 F.Supp. 1510 (D.Hawaii 1983) *rev'd on other grounds,* 749 F.2d 588 (9th Cir.1984) (limitations period for bringing suit alleging deprivation by zoning commission begins on the date of the commission's order denying a land use permit).

*Affirmed.*