Jaime **RAMIREZ MORALES**, etc., et al., Plaintiffs, Appellants,

v.

Isidoro **ROSA VIERA**, etc., et al., Defendants, Appellees.

No. 86–1647.

United States Court of Appeals, First Circuit.

Submitted Dec. 5, 1986.

Decided March 25, 1987.

**3**

Francisco M. Dolz Sanchez, San Juan, P.R., on brief, for plaintiffs, appellants.

Rafael Ortiz Carrion, Sol. Gen., Norma Cotti Cruz, Deputy Sol. Gen., and Reina Colon De Rodriguez, Asst. Sol. Gen., San Juan, P.R., on brief, for defendants, appellees.

Before COFFIN, BOWNES and TORRUELLA, Circuit Judges.

COFFIN, Circuit Judge.

In the early morning hours of Sunday, March 25, 1984, Jose Luis Ramirez Vazquez was shot and killed by Puerto Rico police officer Isadoro Rosa Viera. Fifteen and one-half months later, on July 8, 1985, decedent's father and siblings (plaintiffs) filed civil rights actions against officer Rosa Viera and the current and two former police chiefs of Puerto Rico (defendants) seeking damages for the alleged unconstitutional deprivation of life under color of state authority.[1] Applying the one-year Puerto Rico statute of limitations pertaining to tort actions, P.R.Laws Ann. tit. 31, § 5298(2) (1968), the district court dismissed the complaint as time-barred. 632 F.Supp. 491 (1986). The court recognized that under the Puerto Rico tolling statute, P.R.Laws Ann. tit. 31 § 5303, the statute of limitations may be tolled by a claim letter sent to defendants requesting damages, but held that plaintiffs' letter, postmarked March 27, 1985, was at least one day late.

Plaintiffs subsequently moved to set aside the judgment, arguing that the defendants had fraudulently concealed the existence of plaintiffs' causes of action un-

[1] Jaime Ramirez Flores, father of the deceased, is suing both on his own behalf and as the successor to the deceased's causes of action. Because we resolve this case on statute of limitation grounds, we do not reach the question of whether the personal claims of the father and siblings would have been cognizable under 42 U.S.C. §§ 1983, 1985, or 1986. *See Valdivieso Ortiz v. Burgos,* 807 F.2d 6 (1st Cir.1986).

til December 4, 1984, and that the statute of limitations was therefore tolled until January 22, 1985, when plaintiffs inspected the Commonwealth Department of Justice file and became aware that constitutional violations might have occurred. The district court denied the motion, finding no exceptional circumstances which would have delayed the commencement of the running of the statute of limitations beyond March 26, 1984, the date plaintiffs received notice of decedent's death.

On appeal, plaintiffs do not dispute the settled proposition that the statute of limitations applicable to their civil rights actions brought in federal district court in Puerto Rico is Puerto Rico's one-year statute of limitations governing tort actions. *Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30, 31–32 (1st Cir.1985). *See generally Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (appropriate statute of limitations for section 1983 claims is the state statute of limitations governing tort actions). Rather, they appeal the district court's ruling that no circumstances justifying equitable tolling were present in the case.

Plaintiffs argue that defendants' fraudulent concealment tolled the statute of limitations. Specifically, plaintiffs claim that defendant Rosa Viera made false statements to police department officials which led plaintiffs to believe that the shooting may have been legally justified. It was only after reviewing the Department of Justice file on January 22, 1985, plaintiffs assert, that they realized officer Rosa Viera's conduct could be found to have been grossly negligent. Plaintiffs also argue that they had no reason to know of gross negligence on the part of the three defendant police chiefs until their inspection of the Department of Justice file uncovered a document suggesting that officer Rosa Viera should have been suspended without pay at the time of the shooting for a prior illegal use of his service revolver. Plaintiffs argue that because defendant Rosa Viera's alleged falsehoods prevented them from filing their civil rights actions within the one-year limitations period, federal eq-

uitable law requires that the statute of limitations be tolled.

Though the parties have chosen to argue this case on the basis of the federal equitable tolling doctrine, *see Hobson v. Wilson,* 737 F.2d 1 (D.C.Cir.1984), the Supreme Court has instructed federal courts to apply state tolling law in civil rights actions unless that law is inconsistent with federal policy underlying the cause of action. *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Puerto Rico law provides for equitable tolling in a case of "damage willfully and wrongfully (*dolosamente*) concealed by the author of the same." *Rivera Encarnacion v. E.L.A.,* 113 D.P.R. 383, 386 (1982). Since plaintiffs have not argued that Puerto Rico tolling law is inconsistent with the purposes of sections 1983, 1985 or 1986, we presume that the district court properly looked to Puerto Rico law for circumstances justifying tolling of the statute of limitations. We do not press the point further, for we would reach the same result today under either Puerto Rico or federal law.

 The plaintiffs have suffered a tragic loss. After carefully reviewing the record, however, we cannot say that the district court erred in failing to find that the facts of this case justified tolling the statute of limitations. Plaintiffs were aware as early as March 26, 1984, that decedent had been shot by officer Rosa Viera, that no weapon had been found on his body, and that statements and evidence regarding the shooting were being sent to the Department of Justice. Though plaintiffs assert that they initially believed defendant Rosa Viera's claim of self-defense, they do not suggest that any of the defendants actually prevented or discouraged them from viewing the Department of Justice file. Thus, we cannot say as a matter of law that any of the defendants, including Rosa Viera, concealed material facts from plaintiffs. Furthermore, the district court may well have concluded that plaintiffs' failure to request the file until seven months after the shooting was not caused by Rosa Viera's alleged falsehoods. The

plaintiffs have not even argued that the additional two-and-one-half month delay between the time they requested the file and the time they actually viewed it was due to wrongful concealment by defendants. Nor have plaintiffs provided any explanation for their failure to bring suit or at least to send a claim letter between January 22, 1985, when they examined the file, and March 25, 1985, when the statute of limitations expired. Thus, even if Rosa Viera's version of the shooting could be considered an attempt at fraudulent concealment, we cannot say that plaintiffs conducted their factual inquiry with sufficient diligence to support their claim for equitable tolling. *See Hobson v. Wilson,* 737 F.2d 1, 35 & n. 107 (D.C.Cir.1984) (The doctrine of fraudulent concealment does not come into play if reasonably diligent inquiry would have uncovered facts sufficient to state the particular cause of action).

Accordingly, we affirm the district court's judgment dismissing the complaint as time-barred.