**Jose Antonio NEGRON RIVERA, Plaintiff,**

v.

**Jose Luis DIAZ; Reinaldo Concepcion; Juan Viera Rodriguez; Eliseo Moran Laguna; Carlos Garcia; and Bernardo Figueroa, Defendants.**

Civ. No. 86–1633 (JP).

United States District Court, D. Puerto Rico.

Feb. 3, 1988.

Jose A. Gallart, Hato Rey, P.R., for plaintiff.

Víctor Miranda Corrada, Federal Litigation Div., San Juan, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

Defendants have filed a motion to dismiss in this police brutality case. The basis of this motion is that plaintiff has failed to specify which constitutional rights he may have been deprived of by the allegedly excessive force used during his arrest and alleged beating he received at the hands of defendant police officers while under custody. The facts as alleged in the complaint are fully recounted in this Court's Opinion and Order of August 6, 1987, in which the defense of qualified immunity was rejected. The basic outline of the facts, as necessary for the understanding of this opinion and order, are simply that certain defendants used excessive force in arresting and certain other defendants beat Negrón while he was in custody at the Aguas Buenas police station. In addition to the motion to dismiss, other pending motions and affirmative defenses shall be dealt with herein.

I. Plaintiff moved for voluntary dismissal of the claims against defendant Reynaldo Concepción on November 19, 1987. This motion, however, was after both a responsive pleading by Concepción, i.e., the answer to the amended complaint, and the

Court's decision on Concepción's and other defendants' motion for summary judgment. As such, the motion did not comply with Fed.R.Civ.P. 41(a)(1)(i). Voluntary dismissal may only be had in these circumstances by stipulation of all of the appearing parties, Fed.R.Civ.P. 41(a)(1)(ii), or by order of the Court, Fed.R.Civ.P. 41(a)(2).

Concepción is accused in the amended complaint of striking Negrón without provocation with a shotgun upon Negrón's arrest. The Court is unclear whether plaintiff intends to drop the excessive force claim altogether, or to amend the complaint again to accuse another officer of this whipping. The Court shall not, at this time, dismiss the action as against Concepción. Plaintiff may proceed to obtain the stipulation of all appearing parties or defendants may otherwise indicate their acquiesence to Concepción's dismissal, at which point the Court would dismiss his claim pursuant to Fed.R.Civ.P. 41(a)(2).

II. Motion to Dismiss. The gravamen of the motion to dismiss is that the amended complaint fails to alert defendants what civil rights of plaintiff they are accused of violating under color of state law.

In ruling on a Rule 12(b) motion, this Court must accept as true the facts as averred in the complaint, and any inferences must be drawn in favor of the opposing party. *Warth v. Seldin*, 422 U.S. 490, 501–02, 95 S.Ct. 2197, 2206–07, 45 L.Ed.2d 343 (1975). A motion to dismiss "is justified only when the allegations of the complaint clearly demonstrate that plaintiff does not have a claim." C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 604 (1969).

In order to state a claim cognizable under Section 1983, a plaintiff must allege "that some person has deprived him of a federal right." *Gómez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Section 1983 imposes liability for conduct that subjects, or causes to be subjected, the complainant to the deprivation of a right secured by the Constitution and laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Rizzo v. Goode*, 423 U.S. 362, 370–71, 96 S.Ct. 598, 603–04, 46 L.Ed.2d 561 (1976).

*A. Arrest*

 Negrón has alleged, and defendants admit, that he was arrested on the night of October 19, 1985.[1] During that

---

1. The Court takes this opportunity to, once and for all, lay to rest the pro forma affirmative defense of time bar in this case. All parties in this case agree that Negrón was arrested on October 19, 1985. After his arrest came the alleged beatings at the heart of this case.

The first appearing defendants in this case, Juan Viera Rodríguez, Eliseo Morán Laguna, and José Díaz Vázquez, claimed this affirmative defense in the answer to the complaint. The defense was withdrawn by defendants' counsel at the Initial Scheduling Conference. *See* Initial Scheduling Conference Order, Civil No. 86–1633(JP) (D.P.R. Apr. 13, 1987) at III.B.4, p. 4. The affirmative defense of time bar was resurrected in the answer to the amended complaint on November 5, 1987. The remaining defendants, Carlos García Cruz, a.k.a. Tito García and Bernardo Figueroa Báez also raised the affirmative defense in their answer of December 14, 1987.

This case, as do all actions under 42 U.S.C. § 1983, sounds in tort. *Wilson v. García*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The statute of limitations applicable to tort claims under 42 U.S.C. § 1983 is the local one. *Id.* at 276, 105 S.Ct. at 1947; *Board of Regents v.*

*Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed. 2d 440 (1980); *Altair Corp. v. Pesquera de Busquets*, 769 F.2d 30 (1st Cir.1985). In Puerto Rico, the statute of limitations for actions based on fault or negligence is one year. Article 1868 of the Civil Code of Puerto Rico, *codified at* 31 L.P.R.A. § 5298; *Altair*, 769 F.2d at 31.

The events complained of allegedly occurred on October 19, 1985. The complaint was filed October 17, 1986. This is plainly within one year and this defense should not have been raised, considering Fed.R.Civ.P. 11. The defense is STRICKEN as to all defendants. Defendants' counsel, Francisca Santiago Negrón and Oscar González Badillo are each personally fined $100.00. This fine shall be paid on or before February 13, 1988, on pain of contempt. Counsel shall inform the Court by motion when the fine is paid.

Defendants also tried, in their answer to the amended complaint, to revive the affirmative defense of qualified immunity. This Court's Opinion and Order of August 6, 1987, already decided this question in denying defendants' motion for summary judgment based on qualified immunity. This defense is likewise STRICKEN.

arrest, the lawfulness of which Negrón does not contest, it is alleged that excessive force was used.

■ An arrest is a seizure of a person within the meaning of the fourth amendment to the United States Constitution.[2] The fourth amendment protects against unreasonable seizures, not reasonable ones. The fourth amendment is incorporated, i.e., applicable to the several states, through the due process clause of the fourteenth amendment.

■ A law enforcement officer may use only such force as is reasonably necessary to affect the arrest or defend against the danger of bodily harm to himself or other. *United States v. McQueeney*, 674 F.2d 109, 113 (1st Cir.1982). The use of force in excess of that required to serve the goals of effective law enforcement, self-defense, and prevention of bodily harm to others constitutes an unreasonable seizure of the person in violation of the fourth amendment. *Landrigan v. City of Warwick*, 628 F.2d 736, 741–42 (1st Cir.1980). In short, the reasonableness of an arrest depends "not only on when a seizure is made, but also how it is carried out." *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985); *United States v. Ortiz*, 422 U.S. 891, 895, 95 S.Ct. 2585, 2588, 45 L.Ed.2d 623 (1975); *Terry v. Ohio*, 392 U.S. 1, 28–29, 88 S.Ct. 1868, 1883–1884, 20 L.Ed.2d 889 (1968). Reasonableness is a fact-bound question, the question being whether the totality of the circumstances justifies the force used during a seizure. *Garner*, 471 U.S. at 8–9, 105 S.Ct. at 1699–1700. This question is not amenable to resolution on defendant's motion to dismiss, insofar as, for the purposes of the motion, the Court takes the facts as alleged by plaintiff, the nonmoving party. The Court holds that Negrón, in alleging an unprovoked use of force during an arrest, has validly stated a fourth amendment claim, applicable to Puerto Rico through the due process clause of the fourteenth amendment.[3] This Court has subject matter jurisdiction to hear this claim under 42 U.S.C. § 1983. *See also* 28 U.S.C. § 1331.

### B. Custody

Negrón's other causes of action arise from his temporary incarceration at the Aguas Buenas police station after his arrest. Negrón alleges, and for the purposes of defendants' motion to dismiss this Court accepts, that he was beaten by two police officers, defendants García and Figueroa; that a third police officer, defendant Díaz, did nothing to stop the beating despite his personal knowledge of it; and that a fourth officer, defendant Morán Laguna, failed to establish adequate procedures to prevent the alleged beating.

■ These claims arise from the seizure of Negrón's person. Negrón, while at the Aguas Buenas police station, was still seized within the meaning of the fourth amendment, i.e., he was not free to go. *United States v. Mendenhall*, 446 U.S. 544, 553, 100 S.Ct. 1870, 1876, 64 L.Ed.2d 497 (1980). The manner in which his continuing detention was carried out, like the initial seizure, must be reasonable. We need not adjudicate the parameters of reasonableness at this juncture. The Court merely notes that an unprovoked beating would be per se unreasonable. If nothing else, the United States Constitution protects citizens from unprovoked beatings by the po-

---

Finally, the eleventh amendment defense is STRIKEN. The complaint alleges unconstitutional conduct by defendants personally and therefore is clearly in the purview of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

2. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

3. Defendants' argument that it was unsure whether this was a fourth, eighth, or fourteenth amendment claim is rejected. The eighth amendment protection against cruel and unusual punishment is applicable after criminal conviction, while the fourth amendment by its words applies to seizures of persons, i.e., arrest. A "fourteenth amendment claim," in this case, merely makes the fourth amendment applicable to Puerto Rico.

lice. That is what sets this nation apart from the totalitarian and authoritarian regimes around the world.

The claims against defendant Díaz, for failure to intervene and stop Negrón's alleged beating, likewise arise from the continuing seizure of Negrón. Where brutality or excessive force are occurring, fellow police officers with direct knowledge have the duty to come to the aid of the victim. *Ware v. Reed,* 709 F.2d 345, 353 (5th Cir.1983). To fail to do so is nonfeasance of the duty to protect citizens from unreasonable seizures of the person. Negrón has therefore stated a valid fourth amendment claim against Díaz.

Finally, Negrón claims that defendant Moran Laguna deprived him of federally protected rights under color of state law by Moran Laguna's failure to establish adequate training and supervisory guidelines to prevent police brutality such as alleged by Negrón. Defendant Morán Laguna has moved to dismiss for failure to state a claim upon which relief can be granted.

This motion was already denied by this Court's Opinion and Order of August 6, 1987. Taken as a motion for reconsideration, Moran Laguna's motion is DENIED.

III. Defendants' motion to dismiss is DENIED. The case shall proceed as scheduled.

IT IS SO ORDERED.