Juan **RIVERA MURIENTE**, Plaintiff,

v.

**Juan AGOSTO ALICEA, et al., Defendants.**

**Civ. No. 90–1530 (JP).**

United States District Court, D. Puerto Rico.

Aug. 5, 1991.

---

Elías Dávila Berríos, Hato Rey, P.R., for plaintiff Juan Rivera Muriente.

Alice Net Carlo, García Rodón, Correa Martínez & Valderas, Hato Rey, P.R., for defendant Juan Agosto Alicea.

Mayra Maldonado Colón, Dept. of Justice, Federal Litigation Div., San Juan, P.R., for defendant García Santiago.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it the defendants' motion for summary judgment based on the fact that the plaintiff's complaint was time barred under the one year statute of limitations dictated by the relevant Puerto Rico law.

This is a civil rights case brought pursuant to 42 U.S.C. § 1983. The plaintiff, Juan Rivera Muriente, claims that he was discharged from his position as Investigator at the Bureau of the Lottery, Treasury Department of the Commonwealth of Puerto Rico, without the required pre-termination hearing. Since February of 1988, plaintiff had been on sick leave. In April of the same year, he received a letter dated March 28, 1988, in which codefendant Juan Agosto Alicea, then Secretary of the Treasury Department, brought charges against the plaintiff. According to the letter, the charges "constitute[d] sufficient motive to impose disciplinary measures, including the dismissal from ... [his] position." Complaint, Exhibit A at 1; certified English translation, Docket Entry No. 58. The letter informed the plaintiff of the various charges and stated that he had fifteen days to request an informal administrative hearing to present witnesses and documentary evidence necessary to challenge the imposed disciplinary measures. Plaintiff argues that he filed such a request with the Legal Division of the Treasury Department

on April 18, 1988. *See* Complaint, Exhibit B. The defendants claim that receipt of these letters was never recorded in the Register of Correspondence at the Legal Division of the Treasury Department, and that Rivera therefore waived his right to a pre-termination hearing. At that time, plaintiff's supervisor, Guillermina Aguilar, allegedly advised him that his name had been deleted from the employee's roster and that he was not authorized to enter the work premises.

Plaintiff contends that after sending the March 28, 1988 letter, codefendant Agosto Alicea further pursued him by issuing a series of press releases reiterating the charges filed against Rivera. In May of 1988, 153 of these charges were dismissed at a preliminary hearing, and the three remaining charges were dismissed at trial by way of a motion for nonsuit in April of 1989.[1] After the dismissal of all criminal charges, the plaintiff did not return to work. Codefendant Agosto resigned as Secretary of the Treasury in August of 1989, and later that month, the plaintiff wrote a letter to Mrs. Luz Delia Oquendo, Director of Personnel of the Department of the Treasury, informing her that the requested hearing was never granted. Complaint, Exhibit D. This letter was never answered.

Plaintiff contends that he was never given the pre-termination administrative hearing, and that he was therefore deprived of his right to continued employment without due process of law. Plaintiff filed the complaint in this case on April 10, 1990. The named defendant are Juan Agosto Alicea, former Secretary of the Treasury, and Ramón Garcia Santiago, the person who replaced Agosto. He requests injunctive relief and damages in the amount of $737,-290.000.

### I. SUMMARY JUDGMENT—THE LEGAL STANDARD

A motion for summary judgment is appropriately granted when:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).

In a summary judgment motion, the movant bears the burden of demonstrating "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2254, 91 L.Ed.2d 265 (1986).

The nonmovant then bears the burden of establishing the existence of a genuine material issue. *Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir.1989). However, the nonmovant may not rest upon mere allegations or denial of the pleadings; it must respond, by affidavits or other supporting evidence, setting forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

### II. SECTION 1983 AND THE APPLICABLE STATUTE OF LIMITATIONS

■ It is well settled that state law statutes of limitations govern suits in federal courts arising under § 1983. *Board of Regents v. Tomanio,* 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440, 447 (1980); *Ramirez Morales v. Rosa Viera,* 815 F.2d 2, 4 (1st Cir.1987); *Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30, 31 (1st Cir. 1985). The Supreme Court has further stated that in § 1983 actions, federal courts are to borrow the state-law limitations period for personal injury claims. *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); *Wilson v. Garcia,* 471 U.S. 261, 279, 105 S.Ct. 1938, 1948–49, 85 L.Ed.2d 254 (1985). In Puerto Rico, the appropriate statute of limitations to apply to § 1983 actions is the one-year prescription for tort claims, Article 1868, 31 L.P.R.A. § 5298(2).[2] *Rodriguez Narváez*

---

1. The charges brought against plaintiff included falsification of money orders and conspiracy to illegally sell lottery tickets to non-authorized sellers ("acaparadores").

2. The statute provides, in pertinent part that:

*v. Nazario,* 895 F.2d 38, 42 (1st Cir.1990); *Altair Corp.,* 769 F.2d at 31.

### A. Nature of right at issue

■ The due process clause of the fourteenth amendment of the United States Constitution guarantees public employees who have a property interest in continued employment the right to at least an informal hearing before they are discharged. *Kauffman v. Puerto Rico Telephone Co.,* 841 F.2d 1169, 1173 (1st Cir.1988) (citing *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985)). It is well established that a state employee's job is "property" only if state law gives the employee such "property" right in their continued employment. *Cleveland Board of Education,* 470 U.S. at 538, 105 S.Ct. at 1491. Under the law of Puerto Rico, government employees holding "career" or tenured jobs possess property rights in their continued employment.[3] *Kauffman,* 841 F.2d at 1173.

In this case, the plaintiff held a "career" position as Investigator III in the Lottery Bureau. Thus, prior to being discharged, he was entitled to at least an informal hearing, and was so informed in the letter sent to plaintiff by codefendant Agosto on March 28, 1988.

### B. Accrual

■ The accrual period for a section 1983 cause of action is governed by federal law, *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), and begins to run when the plaintiff knows or has reason to know of the injury which forms the basis of the action. *Street v. Vose,* 936 F.2d 38, 39 (1st Cir.1991); *Marrapese v. Rhode Island,* 749 F.2d 934, 936 (1st Cir.1984), *cert. denied,* 474 U.S. 921, 106 S.Ct. 252, 88 L.Ed.2d 259 (1985). The underlying rationale of this rule is that the question when all the elements of the 1983 cause of action are present should be a question of federal law. *Colburn v. Trustees of Indiana University,* 739 F.Supp. 1268, 1300 (S.D.Ind.1990) (citing S. Nahmod, *Civil Rights and Civil Liberties Litigation* § 4.15 at 254 (2d ed. 1986)).

In the instant case, plaintiff alleges a violation of his procedural due process rights because defendant Agosto deprived him of his salary and his employment, without promptly providing him with the requested pre-termination hearing. Assuming that plaintiff requested the administrative hearing in April of 1988, he received no response to this request, and during the entire period from February 1988 to August of 1989, he did not report to work. According to Rivera, in April of 1988, he was told by Guillermina Aguilar, his supervisor, that he could not go to work, and that she had been given instructions that he was no longer an employee. Also, plaintiff spoke to a former coworker who had told him that the Deputy Director of the Lottery had intimated that Rivera had already been fired. Codefendant Agosto's Motion Submitting Certified Translations, Docket Entry No. 58, Exhibit B. The plaintiff received his last paycheck in November

The following [actions] prescribe in one year:

\* \* \* \* \* \*

2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in Section 5141 of this title, from the time the aggrieved person had knowledge thereof....

In Spanish, the same provision reads:

Prescriben por el transcurso de un año:

\* \* \* \* \* \*

2. La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trate en la sec. 5141 de este título desde que lo supo el agraviado....

3. Pursuant to a prior version of the Public Service Personnel Act, 3 L.P.R.A. § 1336(4), career employees could be removed from their positions "for good cause and upon previous preferment of charges, in writing, and upon prior holding of an administrative hearing, if the employee so requests." The 1979 Act eliminated the requirement that an administrative hearing be held upon request of the employee. *See* 3 L.P.R.A. § 1336(4) (Supp.1988). However, the Supreme Court of Puerto Rico has held that this provision of the law is unconstitutional without the inclusion of a pretermination hearing. *Torres–Solarno v. Puerto Rico Telephone Company,* 90 J.T.S. 122. The Supreme Court based its decision on the United States Supreme Court's decision of *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

of 1988. Pretrial Order, Uncontested Fact No. 6. This paycheck represented the accumulated vacation days and it was not a salary. Agosto Motion submitting Certified Translation, Exhibits B, C. Therefore, plaintiff knew or should have known of the loss of his property interest—his continued employment—when he received the last paycheck liquidating his vacation. However, plaintiff did not file this lawsuit until April 10, 1990, well over a year after receiving this last check. Moreover, he declared that by the time he sent the letter in August of 1989, he understood he had already been "eliminated from the lists" and that he had been fired. Codefendant Agosto's Motion for Submitting Certified Translations, Exhibit E, plaintiff's deposition at 31.

Although the plaintiff has submitted several exhibits demonstrating conflicts over whether and when he was actually eliminated from the employees' roster list,[4] and argues that he never received a formal notice of dismissal, these arguments are without merit. As mentioned above, the plaintiff knew he was discharged or removed when he was told by another co-worker and by Aguilar that he was fired. Also, he no longer received a salary or any other payments from his employer, so that he must have known that he was not going to receive the requested pre-termination hearing prior to discharge.

Plaintiff further contends that the applicable accrual period is in August of 1989, when codefendant Agosto Alicea resigned from his position as Secretary of the Treasury and was no longer able to provide the plaintiff with the requested pre-termination hearing. This argument must also fail. The cause of action accrues when *the plaintiff becomes aware of the defendants' actions* that deprived him of his property right. "[I]t is only necessary for the plaintiff in an employment situation to be *effectively notified* of a discharge for the cause of action to accrue at the time of

notification." Nahmod, *Civil Rights Litigation*, § 4.17 at 262. In this case, plaintiff knew of his injury and the existence of a possible cause of action after speaking with Aguilar and after he stopped receiving checks from his employer. Although this was not formal notification of discharge, the information plaintiff obtained effectively apprised him of the fact that he had been discharged without a hearing. Plaintiff has stated that when he received that last check, he had been informed that his vacation days were being liquidated, and that at the time all of the charges were dropped against him in April of 1989, he already understood that he had been "eliminated from the lists [one year ago], that [he] ... was fired...." Certified translation of plaintiff's deposition at 30–31.

Therefore, based upon the record in this case, we must conclude that plaintiff knew he was terminated without a pre-termination hearing in November of 1988, when he no longer received payments from the Treasury Department. Thus, he had until October of 1989 to file his complaint. However, the complaint was filed in April of 1990, more than one year later. Unless an intervening event occurred to toll the one-year prescription, the complaint was untimely filed.

### C. Tolling

 State law governs questions of tolling in section 1983 causes of action, unless the state tolling rules are inconsistent with federal law. *Street*, 936 F.2d at 40; *Torres v. Superintendent of Police of Puerto Rico*, 893 F.2d 404, 407 (1st Cir. 1990) (citing *Tomanio*, 446 U.S. 478, 100 S.Ct. 1790)). The applicable Puerto Rico tolling statute for § 1983 cases is Article 1873, 31 L.P.R.A. § 5303, which provides that "prescription of actions is interrupted by their institution before the courts, by extrajudicial or prior judicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."[5] In order

---

**4.** *See* plaintiff's Factual Statement filed April 11, 1991, Exhibit VI, deposition of Guillermina Aguilar; Docket Entry No. 63, Exhibits II, III.

**5.** The Spanish version of the statute reads: "La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto

to toll the one year statute of limitations under Puerto Rico law, an extrajudicial claim must meet certain requirements: 1) the claim must clearly and specifically describe the action which caused a deprivation of constitutional rights and must seek the same relief later requested in the section 1983 suit filed in federal court; *Torres*, 893 F.2d at 407; *Altair Corp.*, 769 F.2d at 32; *Jiménez v. Corte de Distrito de Bayamón*, 65 D.P.R. 37, 42 (1945) (the claim must be "precise and specific" in order to have tolling effect); 2) the claim must be made by the holder of the right being asserted; *Rodriguez Narváez*, 895 F.2d at 44; and 3) it must be addressed to the "debtor or passive subject of the right, not to a third party." *Id.* (citing *Velilla v. Pueblo Supermarkets, Inc.*, 111 D.P.R. 585 (1981)).

In this case, the plaintiff has submitted two written documents which could arguably be considered "extrajudicial claims" for purposes of tolling. The first is the April 1988 written request for an administrative hearing filed with the Legal Division of the Treasury Department. The second extrajudicial claim would be the letter plaintiff sent to Luz Delia Oquendo in August of 1989. However, a perusal of these documents reveals that they do not request the same type of relief plaintiff is seeking in this action. The one-year prescriptive period which began to run in October of 1988 was not tolled, and the complaint is therefore time-barred.

## III. CONCLUSION

Wherefore, in view of the foregoing, plaintiff's complaint was untimely filed and is hereby DISMISSED. It is further ORDERED that the August 13, 1991, Trial be VACATED.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

de reconocimiento de la deuda por el deudor ..."