Enrique REYES COREANO,
et al., Plaintiff,

v.

PUERTO RICO PORTS AUTHORITY,
et al., Defendant.

Civ. No. 91–2158(JP).

United States District Court,
D. Puerto Rico.

March 30, 1992.

---

Daniel A. Cabán Castro, Hato Rey, P.R., for plaintiff.

Francisco L. Acevedo Nogueras, Trías, Acevedo & Otero, San Juan, P.R., for defendant.

## OPINION & ORDER

PIERAS, District Judge.

The Court has before it the Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendant Puerto Rico Ports Authority dated November 4, 1991, and a Motion Joining Motion to Dismiss filed by defendants José A. Buitrago, América Lameiro de Irizarry and José A. Rodríguez Palés dated November 27, 1991. For the reasons stated below, the Motion to Dismiss, which is unopposed, is hereby GRANTED.

Rule 12(b)(6) provides that a defendant may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Defendants have filed such a motion, contending that plaintiff has failed to state a valid claim because the statute of limitations for the alleged cause of action has elapsed.

It is well-settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Federal Bank,* 948 F.2d 41 (1st Cir.1991). The court must accept as true the well-pleaded factual averments contained in the complaint, while at the same time drawing all reasonable inferences therefrom in the plaintiff's favor. *See McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 276, 96 S.Ct. 2574, 2576, 49 L.Ed.2d 493 (1976); *Correa–Martínez v. Arrillaga–Beléndez,* 903 F.2d 49, 51 (1st Cir.1990); *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989).

In opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 22 at 21 (1st Cir.1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. *Id.* at 22 (citing *Correa–Martínez,* 903 F.2d at 52; *Dartmouth Review,* 889 F.2d at 16; *Ryan v. Scoggin,* 245 F.2d 54, 57 (10th Cir.1957).

## I. Background

Plaintiff Enrique Reyes Coreano was an employee of the Puerto Rico Ports Authority until September 15, 1990, at which time his retirement became effective. Reyes alleges that during his tenure at the Authority he was discriminated against because of his political affiliation, in violation of his rights under the first, fifth and fourteenth amendments of the United States Constitution and under 42 U.S.C. § 1983. Plaintiff's substantive claims do not appear without merit. On June 20, 1980, he was reinstated in a position at the Authority, from which he had been removed several years earlier, after a Puerto Rico Superior Court ruled that he had been illegally dismissed. He asserts that after his reinstatement he was subject to further dis-

criminatory conduct,[1] on the basis of which he moved the Superior Court, in August 1990, to find the defendants in contempt. The motion was dismissed on the grounds that it involved fresh allegations and required the filing of a new case. Plaintiff filed his Complaint in this case on September 18, 1991. Defendants have moved for summary judgment on the ground that plaintiff's action is time-barred.

## II. Discussion

It is well-settled that state law statutes of limitations govern suits in federal courts arising under Section 1983. *Board of Regents v. Tomanio,* 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980); *Ramírez Morales v. Rosa Viera,* 815 F.2d 2, 4 (1st Cir.1987); *Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30, 31 (1st Cir.1985). The Supreme Court has further stated that in actions under Section 1983, federal courts are to borrow the state-law limitations period for personal injury claims. *Accord Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); *Wilson v. Garcia,* 471 U.S. 261, 279, 105 S.Ct. 1938, 1948, 85 L.Ed.2d 254 (1985). In Puerto Rico, the appropriate statute of limitations to apply to Section 1983 actions is the one-year prescription for tort claims contained in Article 1868, 31 L.P.R.A. § 5298(2).[2] *Accord Rodríguez Narváez v. Nazario,* 895 F.2d 38, 42 (1st Cir.1990); *Altair Corp.,* 769 F.2d at 31. The accrual period for a section 1983 cause of action is governed by federal law (*Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) ), and begins to run when the plaintiff knows or has reason to know of the injury which forms the basis of the action. *Accord Marapese v. Rhode Island,* 749 F.2d 934, 936 (1st Cir.1984), *cert. denied,* 474 U.S. 921, 106 S.Ct. 252, 88 L.Ed.2d 259 (1985).

While plaintiff has alleged several incidents of discrimination caused by the defendants, none occurred, nor could have occurred, after his retirement on September 15, 1990. At the very least, therefore, plaintiff had to file his complaint within one year of that date. Since the complaint was not filed until September 18, 1991, this predicate was not met. While plaintiff was not particularly tardy in filing his complaint, the law does not recognize degrees of lateness. Once a complaint is determined to be "time-barred," the number of weeks, days, or even hours that it was late is forever inconsequential.

Before reaching this precipice, however, a plaintiff can rescue a tardy complaint if he can show that the applicable limitations period was tolled for a period sufficient to cover the additional days. State law governs questions of tolling in section 1983 causes of action, unless the state tolling rules are inconsistent with federal law. *Accord Torres v. Superintendent of Police of Puerto Rico,* 893 F.2d 404, 407 (1st Cir.1990) (citing *Tomanio, supra,* 446 U.S. at 478, 100 S.Ct. at 1790). The applicable Puerto Rico tolling statute for Section 1983 cases is Article 1873, 31 L.P.R.A. § 5303, which provides that "prescription of actions is interrupted by their institution before the courts, by extrajudicial or prior judicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."

In this case, since plaintiff filed no opposition to the motion to dismiss, he obviously did not contend that the limitations period had been tolled. After reviewing the facts at its disposal, the Court can find none that would support such a contention. As a result, the Court finds that plaintiff's claim is in fact time-barred, that defendant's motion to dismiss must be GRANTED, and

---

**1.** The alleged conduct included: (i) the unlawful demotion of Reyes in August 1988, (ii) the failure to grant Reyes certain salary increases in 1986 and 1989, (iii) the failure to promote Reyes in 1986, (iv) the illegal transfer of Reyes in 1989, and (v) the forced and premature retirement of Reyes on September 15, 1990.

**2.** The statute provides, in pertinent part that:

The following [actions] prescribe in one year:

\* \* \* \* \* \*

2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in Section 5141 of this title, from the time the aggrieved person had knowledge thereof....

that plaintiff's complaint is hereby DISMISSED, pursuant to Rule 12(b)(6).

IT IS SO ORDERED.