[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-2054

ANGEL LUIS BURGOS-HERNANDEZ,

Plaintiff, Appellant,

v.

ZOE LABOY; JORGE COLLAZO-TORRES; JAIME RIVERA;
PEDRO J. RODRIGUEZ-FORTIER; CARMEN L. CORREA-GOMEZ,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

Angel Luis Burgos-Hernandez on brief pro se.
Gustavo A. Gelpi, Solicitor General, Rosa N. Russe Garcia, Deputy Solicitor General, and Sigfredo Rodriguez-Isaac, Assistant Solicitor General, on brief for appellees.

December 4, 2000

**Per Curiam**. Angel Luis Burgos-Hernandez, a Commonwealth of Puerto Rico prisoner, appeals pro se from the dismissal of his lawsuit brought pursuant to 42 U.S.C. § 1983. The district court interpreted the complaint to be limited to a challenge to Burgos-Hernandez's transfer in 1981 from a prison in Puerto Rico to a federal facility in Pennsylvania. Burgos-Hernandez makes no argument that this interpretation was too narrow. The court concluded that the transfer claim is barred by the one-year statute of limitations applicable to § 1983 actions in Puerto Rico. We agree.

Burgos-Hernandez's suggestion that his transfer claim survives on a continuing violation theory is meritless. The argument overlooks what "we have termed the 'critical distinction' between a continuing act and a singular act that brings continuing consequences in its roiled wake." Gilbert v. City of Cambridge, 932 F.2d 51, 58-59 (1st Cir. 1991) (quoting Altair Corp. v. Pesquera de Busquets, 769 F.2d 30, 32 (1st Cir. 1985)). The transfer was a discrete event that occurred in 1981. Burgos-Hernandez cannot avoid the limitations period by claiming continuing adverse effects from the transfer.[1]

---

[1]The alleged continuing adverse effects of the transfer include lack of access to Puerto Rico legal materials and denial

<u>Affirmed</u>.

---

of good-time credits.  Our disposition is without prejudice to Burgos-Hernandez  pursuing  these  matters  as  separate  issues (i.e., apart from the transfer decision) in a new action(s).  We express no opinion as to whether Burgos-Hernandez has viable, separate claims or whether the denial of good-time credits can be pursued in a § 1983 action (as opposed to habeas proceeding).