**Calixto COLÓN–RIVERA, et al., Plaintiffs**

**v.**

**ASOCIACIÓN DE SUBSCRIPCIÓN CONJUNTA DEL SEGURO DE RESPONSABILIDAD OBLIGATORIO, Defendant.**

**Civil No. 07–1875 (JP).**

United States District Court, D. Puerto Rico.

Oct. 9, 2008.

Antonio J. Amadeo–Murga, Esq., A.J. Amadeo–Murga Law Office, San Juan, PR, for Plaintiffs.

Rubén T. Nigaglioni, Esq., Verónica Ferraiuoli–Hornedo, Esq., Nigaglioni & Ferraiuoli, P.S.C., San Juan, PR, for Defendant.

*OPINION AND ORDER*

JAIME PIERAS, JR., District Judge.

Before the Court is Defendant Asociación de Subscripción Conjunta del Seguro de Responsabilidad Obligatorio's (the "JUA") motion to dismiss the complaint (No. 11), Plaintiffs' opposition thereto (No. 20), and Defendant's reply brief (No. 33). Plaintiffs filed the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983") for alleged violations of their rights under the Fifth and Fourteenth Amendments of the United States Constitution. For the reasons stated herein, Defendant's motion (**No. 11**) is hereby **GRANTED.**

## I. FACTUAL BACKGROUND AND ALLEGATIONS

Under the Commonwealth of Puerto Rico's Compulsory Motor Vehicle Liability Insurance Act, Act No. 253, as amended ("Law 253"), codified at P.R. Laws Ann. tit. 26, §§ 8051–8061, liability insurance coverage is required for all motor vehicles that travel on public thoroughfares. *See Asociación De Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza,* 484 F.3d 1, 6 (1st Cir. 2007). Accordingly, every vehicle owner in Puerto Rico must either: (1) pay the premium for compulsory liability insurance at the time she acquires or renews a vehicle registration; or (2) opt out of the compulsory liability insurance program by privately purchasing liability insurance with comparable or better coverage. Despite this second option, many vehicle owners who obtain private insurance also pay the compulsory insurance premium. *See Flores Galarza,* 484 F.3d at 7. Plaintiffs fall into the group of consumers who paid the premium twice.

Between the years 1997 and 2007, Plaintiffs Calixto Colón–Rivera, Juan Sánchez,

Jorge Plard, Adalberto Avilés, and Noemí Valentín, paid a yearly amount of either $99.00 or $148.00, depending on the weight of their vehicles, to cover the cost of the compulsory Puerto Rico vehicle insurance policy for property damage caused to other vehicles and property. They also purchased voluntary insurance policies—that is, traditional private insurance—to cover their potential liability for damage caused to people and property in their operation of their vehicles. Plaintiffs bring this lawsuit alleging that they have not been reimbursed the premiums paid for the compulsory insurance policies, nor have said premiums been deducted from the traditional insurance paid to their private insurance companies, in violation of Law 253.

The JUA is a private corporation whose shareholders are different private insurance companies that sell motor vehicle insurance liability in Puerto Rico. The JUA receives the premiums collected from the compulsory insurance and has the obligation to distribute them among the participating private insurance companies for eventual distribution to the consumers, like Plaintiffs, who effectively paid twice for insurance coverage. The JUA maintained a separate accounting entry on its balance sheet called "Funds Retained by the Insurer Belonging to Others" (the "Reserve"), which included those funds to be reimbursed to holders of traditional liability insurance who paid the compulsory premium when they acquired or renewed their motor vehicle license but had yet to request said reimbursement. Plaintiffs allege that from 1997 to 2007, the JUA has failed to properly distribute said duplicate premiums to the different private insurance companies as provided by Puerto Rico law. Plaintiffs also allege that the JUA failed to notify Plaintiffs of their

right to reimbursement for the duplicate premiums paid.

Rather than distributing the money to the private insurers and in turn to the consumers, the JUA has allegedly transferred the Reserve to the Department of the Treasury of Puerto Rico (the "Treasury") pursuant to Puerto Rico Law 230 of September 24, 2002, P.R. Laws Ann tit. 26, § 8055 ("Law 230"). This statute provided for the Treasury to retain these funds as a trustee for a period of five years from the date of the transfer, after which these funds would be forfeited to the Commonwealth of Puerto Rico. Plaintiffs allege that this law was passed by the Commonwealth of Puerto Rico to rectify its budget deficit. Plaintiffs allege that approximately $188,000,000.00 has been transferred by the JUA to the Treasury in violation of the constitutional rights of consumers who were required to pay the double insurance premium. Plaintiffs argue that Law 230 and Law 414 of September 22, 2004,[1] violate their Fifth and Fourteenth Amendment rights because these laws deprive Plaintiffs of their property without due process of law, and require Plaintiffs to pay for government expenses that should be equitably borne by all Puerto Rico taxpayers.

## II. *LEGAL STANDARD FOR A MOTION TO DISMISS*

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. *Id.* at 1974. The

---

1. This law is also codified at P.R. Laws Ann tit. 26, § 8055.

First Circuit has interpreted *Twombly* as sounding the death knell for the oft-quoted language of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rodríguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 94–95 (1st Cir.2007), quoting *Twombly*, 127 S.Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992).

## III. ANALYSIS

Defendant moves to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted under Section 1983. Specifically, Defendant argues that: (1) Plaintiffs' claims are not ripe for review, and (2) Plaintiffs' facial challenge to Puerto Rico Law 230 is time-barred. The Court will now consider Defendant's arguments in turn.

### A. Ripeness

▆▆ The JUA argues that the Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs seek federal judicial remedies without having first sought state administrative relief. It is well-established that a plaintiff is not required to exhaust administrative remedies prior to bringing a Section 1983 action. *Flores Galarza*, 484 F.3d at 14. However, the United States Supreme Court has adopted a set of ripeness requirements specifically applicable to Takings Clause actions. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194–195, 105 S.Ct. 3108, 87 L.Ed.2d 126

(1985). *Williamson County* provides, in pertinent part:

> The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a "reasonable, certain, and adequate provision for obtaining compensation" exist at the time of the taking.

*Id.* at 194, 105 S.Ct. 3108, citations omitted. As such, a takings claim is generally considered unripe if the claimant comes directly to a federal court without first seeking reimbursement through state procedures. *Id.* at 194–195, 105 S.Ct. 3108.

▆▆ In order to prevail on his claims, a plaintiff alleging a takings violation must show: (1) that he received a final decision from the state on the use of his property, and (2) that he sought compensation through state procedures provided for doing so. *Id.* at 194. Because *Williamson County* involved a regulatory taking, as compared to the physical taking alleged by Plaintiffs in the case at bar, only the second prong of the aforesaid test—the so-called "just compensation" prong—applies here. *See García–Rubiera v. Flores–Galarza*, 516 F.Supp.2d 180, 189 (2007).

▆▆▆ The United States Court of Appeals for the First Circuit has stated that the main inquiry regarding the just compensation prong of the *Williamson County* test is whether the state makes available a process that is "particularly aimed at providing compensation when government action effects a taking." *Flores Galarza*, 484 F.3d at 16. A plaintiff in a takings case may be excused for failing to seek recourse from the state courts if all potential state remedies are unavailable or inadequate, but this exception is narrowly construed, and the claimant must carry the

heavy burden of showing unavailability or inadequacy. *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 146 (1st Cir. 2002), internal citations omitted. Any doubts must be resolved in favor of exhaustion; meaning that if a potential state law remedy exists, the plaintiff must at least attempt to pursue it. *Id.*

In their complaint, Plaintiffs admit that there is an administrative procedure available whereby motor vehicle owners can request reimbursement of their duplicate premiums by filing an administrative claim with the Treasury.[2] Specifically, Procedure No. 96 (in Spanish, "Procedimiento Núm. 96: Recibo, Contabilización y Reembolso de los Fondos del Seguro de Responsabilidad Obligatorio Para Vehículos de Motor") is a particularized process created by the Secretary of the Treasury of the Commonwealth of Puerto Rico for providing motor vehicle owners an avenue through which to obtain compensation for the duplicate premiums paid. *See García–Rubiera*, 516 F.Supp.2d at 189.

■ In their complaint, Plaintiffs did not allege that they availed themselves of this procedure. Nor did Plaintiffs provide any specific allegations regarding the inadequacy, unavailability, or futile nature of Procedure No. 96.[3] Considering the facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs merely state that this procedure makes seeking reimbursement difficult and onerous for any particular insurance consumer, and that it does not provide for any interests, costs, or attorneys' fees. These allegations fall

short of the showing of unavailability or inadequacy required of Plaintiffs. *See Deniz*, 285 F.3d 142 at 146. In light of Plaintiffs' failure to seek compensation through Procedure No. 96, Plaintiffs do not satisfy the compensation prong on the *Williamson County* test, and therefore their takings claim regarding the duplicate premiums is not ripe.

■ Plaintiffs argue that because their complaint is brought against a private defendant instead of a state agency, the *Williamson County* and *Flores Galarza* holdings do not apply. The Court disagrees. Plaintiffs have brought their claims pursuant to Section 1983, alleging that the JUA violated their constitutional rights while *acting under the color of state law.* (Emphasis added.) Plaintiffs allege that the premiums collected by the JUA and transferred to the Treasury are used for the benefit of the Commonwealth of Puerto Rico. Plaintiffs have failed to provide the Court with an explanation of any private action by Defendant JUA that places this action outside the scope of *Williamson County* and its progeny. The fact that the JUA, a private entity, transferred the duplicate premiums to the Treasury through operation of state law does not negate the fact that Plaintiffs were able to avail themselves of a state administrative proceeding for just compensation for the dual premium and failed to do so.

### B. *Plaintiffs' Facial Challenge to Law 230*

■ Plaintiffs also argue that they need not comply with the *Williamson*

---

**2.** The Court also notes that pursuant to the Insurance Commissioner's Letter No. N–C–2–1–2001 of February 1, 2001, Plaintiffs could have sought reimbursement for the duplicate premium directly from their private insurers. The insurers would then seek reimbursement from the JUA. As such, Plaintiffs have failed to allege that their reimbursement from their private insurers was conditioned upon JUA's

payment of the funds to the insurance companies.

**3.** Plaintiffs' right to seek reimbursement from the Reserve funds commenced once the funds were transferred to the Treasury, at which time Plaintiffs could then claim their reimbursement pursuant to Procedure No. 96.

*County* framework because they are making a facial challenge to Law 230. In response, the JUA argues that Plaintiffs' Law 230 challenge is time-barred. When determining whether an action filed pursuant to Section 1983 is timely, the Court must apply the forum state's statute of limitations period for tort actions. *See González–Álvarez v. Rivero–Cubano,* 426 F.3d 422, 425 (1st Cir.2005). In Puerto Rico, that period of time is one year. *Id.* Federal law is applied to determine when the limitations period begins to accrue. *Id.* at 425–426. For claims brought pursuant to Section 1983, the statute of limitations generally begins to run "when the plaintiff knows or has reason to know of the injury which is the basis for the claim." *Rodríguez–García v. Municipality of Caguas,* 354 F.3d 91, 96–97 (1st Cir.2004), quoting *Rodríguez Narváez v. Nazario,* 895 F.2d 38, 41 n. 5 (1st Cir.1990). The First Circuit has held that facial challenges to regulations accrue at the moment the challenged regulation or ordinance is passed because it effectively creates an immediate taking of property in terms of a plaintiff's allegations. *See Flores Galarza,* 484 F.3d 1 at 14, internal citations omitted; *see also Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 688 (9th Cir.1993) (holding that plaintiff's cause of action accrued upon the passage of the state ordinance at issue, and thus had to be filed within one year from said date to be timely for Section 1983 purposes).

Law 230 was passed on September 24, 2002, which marked the date of the accrual of Plaintiffs' claims. The instant complaint was filed on September 20, 2007, nearly five years later and well beyond the applicable one year statute of limitations period. The Court therefore holds that Plain-

tiffs' facial challenge to Law 230 is time-barred.[4] The Court therefore holds that it lacks subject matter jurisdiction to adjudicate Plaintiffs' takings claim regarding the JUA's transfer of the duplicate premiums, and Defendant's motion to dismiss is granted.

### C. *Plaintiffs's Supplemental Claims*

Plaintiffs filed supplemental claims pursuant to the Puerto Rico Consumer Class Action Statute, P.R. Laws Ann. Tit. 32, § 3341. Having dismissed the federal claims in this case, the Court declines to exercise jurisdiction over the Puerto Rico law claims, and will enter judgment dismissing those claims without prejudice. See *Newman v. Burgin,* 930 F.2d 955, 963 (1st Cir.1991) ("[t]he power of a federal court to hear and determine state law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit").

### IV. *CONCLUSION*

In conclusion, Defendant's motion to dismiss is hereby granted. The Court will enter a separate judgment accordingly.

**IT IS SO ORDERED.**

---

4. The Court finds that Plaintiffs have not filed any prior judicial claims or extrajudicial claims that would toll the statute of limita-

tions in this case. *See Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30, 32 (1st Cir.1985).