Belknap,
June 25, 1941. } No. 3261.

NATALIE BERQUIST *v.* F. W. WOOLWORTH COMPANY.

JOHN A. BERQUIST *v.* SAME.

*Cheney, Nighswander & Lord (Mr. Nighswander* orally), for the plaintiffs.

*Demond, Sulloway, Piper & Jones (Mr. Piper* orally), for the defendant.

BURQUE, J.   The accident happened July 23, 1938, somewhere around six-thirty P. M., Standard Time.   Plaintiff, who had before this day gone into defendant's chain store, located corner Main and Pleasant Streets in Laconia, through entrances on the Main Street side of the store, this day entered through what might be called the side entrance on Pleasant Street.   The Main Street entrances are on

the level with the floor of the store. The Pleasant Street entrance is on a different level from the floor of the store, the latter being reached after descending two steps. To describe the Pleasant Street entrance more fully: it consists of an entrance way which might be termed a vestibule, two and one-half feet deep and six feet wide, on an incline upwards from the sidewalk to two swinging doors five feet wide, the slope being about one inch. There is a threshold at the doors, five and one-half inches wide and five feet long, of non-slip construction. Inside the threshold there is a platform six feet eight inches wide and extending into the store three feet ten inches. The floor of the platform is asphalt tile and the last twelve inches is a terrazzo stair tread with a one and one-half inch nosing of black alundum aggregate and with diamond-shaped inserts of alundum aggregate extending back four or four and one-half inches from the front of the nosing. This alundum aggregate is recognized to be as efficient an abrasive to prevent slipping as can be devised and used. Between this tread and the floor is a step twelve inches wide and six feet eight inches long, similarly constructed of terrazzo with the same nosing and diamond-shaped inserts. The nosing of each tread extends over the risers approximately one inch. The risers on each of the steps are seven and one-half inches, so that there is a total rise from the floor to the platform of fifteen inches. The floor is made of the same asphalt tile as the platform and of the same two colors, in the same checkerboard pattern. The terrazzo tread is still another color,—yellow or light buff,—and the alundum aggregate nosing and inserts are black. The threshold is aluminum color, and the vestibule floor has a white field of hexagonal tile with a green border and a red "W" in the center. On each side of the steps are hand rails of aluminum with stainless steel handles extending over the last newel post beyond the last riser. These hand rails are offset fifteen inches inside the door. When the plaintiff entered the store she took hold of the rail to the right, stepped down one step from the platform, and claims that upon taking another step she slipped and fell. She claims her fall was caused by the slippery condition of the step, due to water on it, plus confusion created by the situation confronting her which she says was deceptive. Her fall was forward on her right knee and she struck her head on a counter immediately in front of her.

We are confronted at the outset with the proposition of defendant's negligence, if any, in the construction and maintenance of the entrance and steps. No claim can be made of defective construction

except inasmuch as defendant might have knowingly provided plaintiff with a step which became slippery and dangerous when wet. *Williamson* v. *Company*, 89 N. H. 216. The construction, in so far as it relates to height and depth of the steps and risers, is standard. So does the material used conform to standard practice and general make. If there is liability on the point now under consideration, it is because the material used, the terrazzo, becomes slippery when wet; that this is a condition which is or should be within the knowledge of the defendant, and that no protection or safeguards are provided against accidents reasonably to be anticipated. The construction is of the latest design known to those who make a study of such subjects, and adopted for the protection of the public. In this instance we have a platform and a step provided with a nosing and tread that are admittedly not slippery. Admitting that the terrazzo might be slippery when wet, one stepping down naturally on the step must necessarily come in contact with the non-slippery portion of the step. This would prevent slipping. The only way plaintiff can claim she slipped as she stepped down on the step would be that, as one of her experts puts it, she stepped down on the heel and did not come in contact with the non-slippery portion of the nosing and tread. No such claim is advanced. No claim is made that the plaintiff did not use the step in a natural way. Such a claim would be fatal, for the owner of the premises had the right to assume that any one using these steps would do so in a natural way. He does not have to anticipate unnatural and unusual use.

The plaintiff had hold of the railing, she stepped down with one foot, and as she took the other step she says she slipped and fell forward. What most likely occurred, in the most favorable way we can look at it from the plaintiff's standpoint, is that she may have become confused, thought she was on the floor level after she took her first step down, and on taking another step forward she was not on firm ground as she expected and went down. She, herself, has testified this may be what occurred. Her statement that her fall occurred about simultaneously as she let go of the rail brings one to the above inevitable conclusion. She does not know whether she let go of the rail before she fell or after; she says it was about at the same time. There is no reliable evidence in the case to allow recovery on the ground that plaintiff slipped. *Brown* v. *Mailhot*, 89 N. H. 240 and cases cited. *Hebert* v. *Railroad*, 90 N. H. 324, 328.

Further there is no evidence of any defect in the construction of the entrance, platform, and step. As we have seen, everything con-

forms with standard practice. The terrazzo is of the type in general use in buildings where the public is invited. The non-slip nosing and tread are efficient, and the railings are suitable. There is no evidence of anything improper unless it can be said, as plaintiff claims, that the lighting was insufficient, and that taking this in connection with the combination of colors in the floor of the platform, step, and store floor, a confusing situation was created.

The plaintiff does not claim her injury was caused entirely by slipping on a wet surface. Her claim is that the accident occurred by a combination of the confusion created by the situation with which the plaintiff was confronted, plus the added slipping due to the slippery condition of the terrazzo tread of the stair, and that her injuries were caused by the deceptiveness and slipperiness of the stairs. Stripped of the issue of slipping, the claim remains one of injury caused by confusion.

The confusion claimed is one brought about by insufficient light in the area of the steps. Plaintiff says, ". . . it was not so very light there, the back entrance." Her two sons testify, "it was dark near the steps, darker than in the rest of the store." It was not so dark but that the plaintiff saw the steps, saw they were wet. So did son Walter, who was with his mother; so did son John who came in immediately after his mother was injured. All three are emphatic about seeing water on the platform and the steps. John even saw water on the floor immediately in front of the step. No one else supports this testimony of insufficient light. Plaintiff's two experts who examined this entrance were not asked about lighting conditions, so they shed no light on this point. No question is raised of insufficient lighting in the store, and all three admit it was light in the store. The evidence is conclusive that the store was well lighted throughout. Son John says that two lamps are located within fifteen feet of the steps. These lamps are of three hundred watts and are spaced across the store eleven feet on center and twelve feet running longitudinally, so that at least two lights were within either eleven or twelve feet of the steps. This evidence of sufficient light is so conclusive as a matter of common knowledge that whatever evidence to the contrary may be found in the case must necessarily be rejected. *Paine* v. *Railway*, 58 N. H. 611, 614; *Free* v. *Buckingham*, 59 N. H. 219, 224; *Gage* v. *Railroad*, 77 N. H. 289, 295.

Nor is there any evidence of faulty construction. The hand rail extends beyond the newel post which itself rests on a base in front of the last step. This gave all the necessary notice to anyone using

the stair that there was another step, beyond the platform. There was nothing in the situation which would tend to mislead anyone.

The motions for directed verdicts should have been granted.

*Judgments for defendant.*

All concurred.

ON REHEARING. After the foregoing opinion was filed, plaintiffs moved for a rehearing, and advanced nine different reasons therefor.

*Cheney, Nighswander & Lord*, for the motion.

BURQUE, J. In support of the motion for a rehearing plaintiffs state two grounds which raise the issues of absence of a center rail as one cause of negligence on defendant's part, and the use of a ramp instead of steps as another. We find no evidence of causal negligence on the part of the defendant in either not supplying a center rail, or in not having constructed a ramp instead of steps.

As to the question of a center rail the plaintiff had hold of the side rail, and defendant's position is well taken when it says this rail gave the plaintiff all the protection and guidance a center rail would have given.

As to the question of a ramp it is not a question of what would be a better substitute for the steps; it is solely a question whether the steps provided for the use of customers are reasonably safe or not. *Marshall Field & Co.* v. *Lebosky*, 133 Ill. App. 316, 323. As we have already seen there is no defect in the construction of the steps, and that being so there can be no liability on this ground, *Ducharme* v. *Bank, post;* and steps for egress and ingress in stores and other public buildings where surfaces are at different levels being of such common and general use (*Ware* v. *Society*, 181 Mass. 285), judicial notice is taken of their sufficiency. It follows that the evidence pertaining to a center rail and ramp as a substitute for the steps was immaterial.

The other contentions advanced by the plaintiffs in support of their motion were fully considered in the original opinion and do not call for further discussion.

*Former result affirmed.*

All concurred.