**GREAT RIVER INDUSTRIES, INC., et al., Plaintiffs**

v.

**THE PUBLIC SERVICE COMMISSION OF PUERTO RICO, et al., Defendants**

**No. CIV. 00–1372(PG).**

United States District Court, D. Puerto Rico.

Feb. 12, 2001.

Warren L. Millman–Freeman, New York, NY, for plaintiffs.

Maria J. Surillo, Commonwealth Department of Justice, Federal Litigation Division, San Juan, PR, for defendants.

## *OPINION & ORDER*

PEREZ–GIMENEZ, District Judge.

Before the Court is Defendants' Motion to Dismiss (Dkt.18) and Plaintiffs' opposition to Defendants' motion (Dkt.19). Defendants argue that the Court should dismiss plaintiffs' compliant because (1) plaintiffs' causes of action are time-barred (2) the Public Commission is a government agency shielded by the Eleventh Amendment of the United States Constitution and (3) the complaint never constituted a proper pleading since an attorney never signed it[1]. Because the Court is

---

1. This third argument can be summarily dis- missed because contrary to Defendants' claim

convinced by Defendants' first and second arguments it hereby **GRANTS** Defendants' motion and **DISMISSES** Plaintiffs' complaint.

## LEGAL STANDARD FOR MOTION TO DISMISS

 In their motion Defendants treat both the time bar defense and the sovereign immunity defense as falling under Fed. R. Civ. Proc. 12(b)(6). A quick review of the case law reveals that Defendants are mistaken. At this stage of the litigation a sovereign immunity defense should be brought under Fed. R. Civ. Proc. 12(b)(1) (lack of subject matter jurisdiction) and not under Fed. R. Civ. Proc. 12(b)(6) (failure to state a claim upon which relief can be granted). *See e.g., Murphy v. United States*, 45 F.3d 520 (1st Cir.1995); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1990) (Stating that 12(b)(1) motion is typically employed when plaintiff's claim is barred by sovereign immunity). Nonetheless, this mistake should not diverge the Court from the task at hand. "Federal Courts are not at liberty to overlook limitations on their subject matter jurisdiction." *Francis v. Goodman*, 81 F.3d 5, 8 (1st. Cir.1996). In ruling on a 12(b)(1) motion or a 12(b)(6) motion the Court must abide by virtually identical standards[2]. Of course, in any 12(b)(1) motion, once the issue has been raised, the plaintiff has the burden of dem-

onstrating the existence of the court's jurisdiction. *Puerto Rico Tel. v. Telecom. Regulatory Bd.*, 189 F.3d 1, 7 (1st Cir. 1999).

 When ruling on either 12(b)(1) or 12(b)(6) motion a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. *Pejepscot Indus. Park v. Maine Cent. R.R.*, 215 F.3d 195, 197 (1st Cir.2000); *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir. 1994); *Carparts Distribution Ctr., Inc. v. Automotive Wholesalers Ass'n*, 37 F.3d 12, 14 (1st Cir.1994); *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996); *Murphy v. United States*, 45 F.3d at 522. A court should not dismiss a complaint for failure to state a claim or for lack of subject matter jurisdiction unless it is clear that plaintiff will be unable to prove any set of facts which would entitle him to recovery. *See LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998); *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d at 27 (Citing *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994); *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank*, 958 F.2d 15, 17 (1st Cir.1992)) (Stating that the court of appeals may affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2

---

the complaint filed with the Court was properly signed.

**2.** A distinction should be made between two types of 12(b)(1) motions: the "facial attack" motion and the "factual attack" motions. *For a leading case making such distinction see Mortensen v. First Fed. Sav. Loan Ass'n*, 549 F.2d 884, 890–91 (3rd Cir.1977). The standard to be applied to a 12(b)(1) "facial attack" motion is practically identical to the one applied to 12(b)(6) motions. However, the standard applied to a 12(b)(1) "factual attack" motions is different. In factual attack situations the court may go outside the pleadings· and consider evidence when ruling on the matter. Thus, the court is not obliged to accept the truthfulness of plaintiff's allega-

tions as to jurisdictional facts. *Dynamic Image Technologies v. U.S.*, 221 F.3d 34, 37 (1st Cir.2000); *Carpet Group Int'l v. Oriental Rug Importers*, 227 F.3d 62, 69 (3rd Cir.2000).

In the case at hand a 12(b)(1) "facial attack" situation is presented. The court can make a jurisdictional determination by looking solely at the face of the pleadings. The standard applied in this case is virtually identical to the 12(b)(6) standard.

Further, the Court is mindful of the fact that "As a general matter, trial courts should give motions to dismiss for lack of subject matter jurisdiction precedence over motions to dismiss for failure to state a claim". *Dynamic Image Tech. v. United States*, 221 F.3d 34, 37 (1st Cir.2000).

L.Ed.2d 80 (1957). A Plaintiff, however, may not rest merely on "unsupported conclusions or interpretations of law". *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993). "Subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts will not defeat a motion to dismiss." *Coyne v. City of Somerville*, 972 F.2d 440, 444 (1st. Cir.1992).

### THE COMPLAINT

Fed.R.Civ.P. 8(a) provides that:
A pleading which sets forth a claim for relief... shall contain (1) **a short and plain statement** of the grounds upon which jurisdiction depends... (2) **a short and plain statement** of the claim showing that the pleader is entitled to relief and (3) a demand for judgment for the relief the pleader seeks.

(*emphasis added*). Fed.R.Civ.P. 8(e)(1) further provides that "each averment of pleading **shall be simple, concise and direct**....". Plaintiffs' forty one (41) page confusing and often redundant complaint certainly does not comply with the mandates of either rule 8(a) or 8(e)(1). Although the Court has spent considerable time trying to figure out what specific facts lead to some of plaintiffs' causes of action, it has failed to come up with a clear understanding of those facts. For example, the complaint states that Plaintiffs' bring the first cause of action because Defendants' "arbitrary, capricious, willful, negligent and reckless acts" violated their civil and constitutional rights to due process and equal protection of the laws. Yet, Plaintiffs fail to set out what reckless or capricious actions lead to those violations. The Court is at a loss.

Most of Plaintiffs causes of action seem to be missing pertinent factual information. In their second cause of action plaintiffs state that they lost ten million dollars because the Public Service Commission did not follow its own regulations. Yet, plaintiffs fail to point out which regulations they are referring to and, most importantly, plaintiffs omit how the violation of those regulations relate to their damages. Plaintiffs' fourth cause of action is equally hollow. Plaintiffs' state that "as a result of the illegal tactics and manipulations employed by Defendants, Plaintiffs were force [sic] to cease business operations..." Plaintiff fail to specify which illegal tactics they are referring to and what kind of business operations they were forced to cease. The Complaint goes on like this for a forty one (41) pages.

 Plaintiffs' failure to state precise facts that lead to their purported injuries is probably enough to dismiss the complaint. *See e.g. Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir.1997) ("a complaint must set forth a factual allegation either direct or inferential respecting each element necessary to sustain recovery under some actionable legal theory."); *O'Brien v. DiGrazia*, 544 F.2d 543 (1st Cir.1976),certiorari denied 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977).("When a complaint omits facts that, if they existed, clearly would dominate the case, it is fair to assume that those facts do not exists."); *Roth v. United States*, 952 F.2d 611, 613 (1st. Cir.1991)(Stating that in his Complaint a plaintiff is obliged to allege facts regarding each essential element necessary to entitle him to recovery under an actionable legal theory); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions and the like."); *Mack v. Great Atlantic and Pacific Tea Company*, 871 F.2d 179, 183 (Stating that a litigant has a duty to spell out her theories clearly and distinctly before nisi prius court, on pain of preclusion). Nonetheless, the Court is mindful of the generosity and flexibility afforded by the Federal Rules of Civil Procedure. Thus, the Court opts not to dismiss the complaint solely on the above stated grounds. The Court will examine Defendants' arguments in their Mo-

tion to Dismiss [3]. Ultimately, the result would be the same.

## THE ELEVENTH AMENDMENT

■ The Public Service Commission (PSC) has moved to dismiss Plaintiffs' § 1983 claim for denial of equal protection and due process on Eleventh Amendment Grounds. Essentially, the Public Service Commission argues that it is protected by the Eleventh Amendment sovereign immunity clause because it is an "arm of the state". It is well settled law that sovereign immunity under the Eleventh Amendment extends beyond the core of the state government to "arms of the state". *Metcalf & Eddy v. Puerto Rico Aqueduct and Sewer Authority*, 991 F.2d 935, 939 (1st Cir.1993). "Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects." *Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694, 697 (1st Cir.1983); *De Leon Lopez v. Corporacion Insular de Seguros*, 931 F.2d 116, 121 (1st Cir.1991).

■ The Eleventh Amendment's primary concern is to minimize federal courts' involvement in disbursal of the state fisc. *Metcalf*, 991 F.2d at 939. Not surprisingly, courts have devised that whether an entity is considered an "arm of the state" primarily depends on whether an adverse judgment would have to be satisfied by the State treasury. *University of Rhode Island v. A.W. Chesterton Company*, 2 F.3d 1200, 1203 (1st Cir.1993); *Melendez v. Commonwealth of Puerto Rico*, 845 F.Supp. 45, 48 (D.P.R.1994); *Feeney v. Port Authority Trans–Hudson Corp.*, 873 F.2d 628, 631 (2nd Cir.1989), *aff'd* 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990) (where "liability will place the state treasury at risk", that is "the single most important factor" favoring immunity).

The First Circuit has developed an additional list factors which should be considered when determining if the entity in question is an "arm of the state". These are whether the entity (1) performs an "essential" or "traditional" governmental function as opposed to nonessential or merely proprietary one; (2) exercises substantial autonomy over its internal operations; (3) enjoys meaningful access to, and control over, funds not appropriated from the State treasury; (4) possesses the status of a separate "public corporation"; (5) may sue and be sued on its own name; (6) can enter into contracts in its own name; (7) has been granted a state tax exemption on its property and (8) has been expressly debarred from incurring debts in the State's name or behalf. *See University of Rhode Island*, 2 F.3d at 1205; *Metcalf*, 991 F.2d at 939–40, *In re San Juan Dupont Plaza Hotel Fire Litigation*, 888 F.2d 940, 942 (1st Cir.1989); *Buck v. Puerto Rico Symphony*, 849 F.Supp. 141, 144 (D.P.R. 1994).

■ Applying the above factors to the present facts indicates that the Public Service Commission is an "arm of the state" protected by the Eleventh Amendment. Importantly, any judgement against the Public Service Commission would have to be paid by the State treasury. The Public Service Commission does not operate for profit and is financially dependent on the central government for at least 84% of its budget. Courts that have encountered similar numbers have found that a judgment enforced against the entity would effectively result in liability for the Commonwealth. *See e.g. San Juan Dupont Fire Litigation*, 888 F.2d at 943–44 (Stating that since 70 to 75% of the Tourism Company's budget depended on the central Government, any judgment enforced against the company would result in liabili-

---

**3.** This case presents a procedural twist. Before being consolidated, a Motion to Dismiss practically identical to the one at hand was adjudge by the Honorable District Court Judge Carmen Cerezo. The Honorable Judge Carmen Cerezo granted defendants motion to dismiss on Eleventh Amendment Grounds. This Court agrees and hereby expands on that ruling.

ty for the Commonwealth); *Melendez,* 845 F.Supp. at 53 (Holding that an 85% dependence indicates that in the event a judgment is entered, the money to cover such judgment would have to come from the public fisc). For the fiscal year 2000–2001 the total operating budget of the Commission amounted to $11,283,000, of which $9,483,000 were supplied by the Commonwealth. In their Complaint plaintiff allege damages in an excess of $25,000,000. Even if Plaintiffs won a judgment of less than half of what they allege, it seems evident that the State treasury would have to pay most or all of the bill.

The relative small amount of money collected by the Public Service Commission as fees or fines is directly deposited to the general fund account of the Puerto Rico Treasury Department. These fees, although taken into consideration when assigning funds to the Public Service Commission, are insignificant when compared to the operating budget given to the Commission by the Office of Management and Budget.

■ Other factors weigh heavily in favor of finding Eleventh Amendment Immunity. When conducting Eleventh Amendment analysis courts have given particular importance to the type of activity that is the object of plaintiffs claim. *See Royal Caribbean v. P.R. Ports Authority,* 973 F.2d 8, 9 (1st Cir.1992) (Stating that the question of whether an entity is an "arm of the state" must be answered with respect to the "type of activity" that is the object of the plaintiffs' claim); *Puerto Rico Ports Authority v. M/V Manhattan Prince,* 897 F.2d 1, 10 (1st Cir.1990) (Holding that immunity depends in part on the "nature of plaintiffs' claim"). Immunity may be warranted if, among other things, the activity can be categorized as one usually performed by the government, rather than one performed by a private company. *Royal Caribbean,* 973 F.2d at 10.

The Public Service Commission performs an eminently governmental function since it is charged with the regulation and supervision of non-governmental public service companies. The Commission makes sure that the public receives efficient and adequate service and is charged reasonable-prices. The Commission hires no one directly or indirectly to perform its function. Its role is not that of selling service but that of regulating the licensing of carriers—a governmental function. In this sense, the Commissions' main mission is to watch out for the public interest. The reasons for immunity are stronger where the claim implicates "public policy" or "public affairs". *See Royal Caribbean,* 973 F.2d at 10 (positively citing *Jacinto-port v. Greater Baton Rouge Port,* 762 F.2d 435, 442 (5th Cir.1985) as standing for the proposition that the reasons for immunity are stronger where claim implicates "public policy").

Although the Commission operates with a considerable degree of autonomy, the Governor of Puerto Rico appoints its seven commissioners. The parties agree that the Commission is not separately incorporated. Moreover, the Law that creates the Commission does not expressly confer it the power to sue or be sued. Some of the immunity indicators arguably point towards the other direction (e.g. the Commission's existence and a personality separate from that of the central government; the Commission operates with a considerable degree of autonomy), yet the balance is definitely tipped in favor of immunity. The Commission is an alter ego of the state.

**STATUTE OF LIMITATIONS FOR § 1983 CASES**

■ The Civil Rights Act, 42 U.S.C. 1983, does not provide a limitations period. Consequently, when evaluating the timeliness of a 1983 claim federal courts "should borrow the state statute of limitations for personal injury actions". *Owens v. Okure,* 488 U.S. 235, 236, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The First Circuit has repeatedly held that in cases arising in

272

Puerto Rico, Puerto Rico's one-year statute of limitations pertaining to tort actions governs. P.R. Laws Ann. tit. 31 § 5298; *Rivera–Ramos v. Roman,* 156 F.3d 276, 282 (1st Cir.1998); *Ramirez Morales v. Rosa Viera,* 815 F.2d 2, 3 (1st Cir.1987); *Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30, 31 (1st Cir.1985).

 The day of accrual (when the statute of limitations begins to run), on the other hand, is determined by reference to federal law. *Rivera–Ramos v. Roman,* 156 F.3d at 282. According to federal law, the statute of limitations period for § 1983 cases begins running one day after the day of accrual, which is the date Plaintiff knew or had reason to know of the injury. *Benitez–Pons v. Commonwealth of Puerto Rico,* 136 F.3d 54, 59 (1st Cir.1998). When plaintiffs allege, as they do in this case, an ongoing series of violations[4] then the limitation period begins anew with each violation. *Velazquez v. Chardon,* 736 F.2d 831 (1984). But, plaintiffs have the burden of demonstrating sufficient facts that if properly plead would restart the limitation clock. As the First Circuit explained:

"A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination... it was incumbent upon him to allege facts giving some indication that the later refusals were themselves separate civil rights violations."

*Goldman v. Sears, Roebuck & Co.,* 607 F.2d 1014, 1018 (1st Cir.1979).

As in Velazquez, the Court holds that Plaintiffs have failed to allege sufficient facts in their complaint which would enable a jury to conclude that they were injured during the year prior to the filing of the suit. *See also Velazquez,* 736 F.2d 831 (Dismissing plaintiffs appeal because they failed to allege facts which would enable a jury to conclude that they suffered from political discrimination in the

4. The complaint states that "on or about March of 1996, and thereafter for an indefi-

year before they filed suit). Categorically stating that "on or about March 1996 and thereafter for an indefinite period of time [Plaintiffs suffered damages]" without alleging specific facts that transpired within the year prior to the filing of the lawsuit, is not enough. Plaintiffs have not met their burden and thus their action is timed-barred.

For the above stated reasons Defendants' motion to dismiss is granted on both 12(b)(1) and 12(b)(6) grounds. Plaintiffs complaint is hereby **DISMISSED** with prejudice.

IT IS SO ORDERED.

nite period of time..." plaintiffs were deprived of their rights.