STATE OF MAINE                                 SUPERIOR COURT
PENOBSCOT, ss.                                     CIVIL ACTION
                                              Docket No. CV-04-203

PEN-*Ai*'*  - 3|a* t'o*

| | |
|---|---|
| LINCOLN RENTAL SYSTEMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     OPINION: ORDER ON MOTIONS |
| | )     FOR SUMMARY JUDGMENT |
| LINCOLN SANITARY DISTRICT, | )     AND MOTION TO STRIKE |
| | ) |
| | ) |
| Defendant. | ) |

FILED + ENTERED
SUPERIOR COURT
MAR 29 2006

The matters before this Court are Defendant Lincoln Sanitary District's Partial

Motion for Summary Judgment, Plaintiff Lincoln Rental System's Motion for Partial

Summary Judgment, and Plaintiff's Motion to Strike Defendant's Statement of

Additional Material Facts. The Court has reviewed the parties' submissions on these

motions.

## DISCUSSION

### A. Defendant's Partial Motion for Summary Judgment

*1. Standard of Review*

A party is entitled to summary judgment when the record shows that there is no

genuine issue of material fact and the party is entitled to judgment as a matter of law.

M.R. Civ. P. 56(c); *See e.g., Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 14, 817 A.2d

877, 879. To survive a motion for a summary judgment, the opposing party must

produce evidence that, if produced at trial, would be sufficient to resist a motion for a

1

judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 8, 694 A.2d 924, 926. "'A fact is material when it has the potential to affect the outcome of the suit.'" *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172. An issue is genuine "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *MP Assocs. v. Liberty*, 2001 ME 22, ¶12, 771 A.2d 1040, 1044.

Essentially the Court determines whether there is a genuine issue of material fact by comparing the parties' statement of material facts and corresponding record references. *See e.g., Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A.2d 933, 938. The court will view the evidence in light most favorable to the non-moving party. *See e.g., Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 1998 ME 210, ¶11, 718 A.2d 186.

### 2. Analysis

Defendant is seeking summary judgment on Count IV of the Complaint on the ground that Plaintiff's claim of a violation of 42 U.S.C. § 1983 is barred by the six-year statute of limitations prescribed in 14 M.R.S.A. § 752 (2003). Defendant is correct that Maine's six-year statute of limitations, contained in 14 M.R.S.A. § 752, applies to all section 1983 claims arising in Maine. *See e.g., McKenney v. Greene Acres Manor*, 650 A.2d 699, 701 (Me. 1994). An ongoing series of violations causes the limitations period to begin anew, and the Plaintiff has "the burden of demonstrating sufficient facts that if properly pled would restart the limitation clock." *Great River Indus., Inc. v. Pub. Serv. Comm'n of Puerto Rico*, 131 F. Supp. 2d 265, 272 (1st Cir. 2001). Defendant asserts that Plaintiff has failed to satisfy this burden, while Plaintiff claims it "has alleged and provided evidence that there have been ongoing and recent actions by the Defendant that

constitute a violation of civil rights." Pl.'s Opp'n to Def's Mot. Summ. J. at 1. Plaintiff argues it has "clearly stated that Defendant's civil rights violations include, but are not limited to, the ongoing refusal to allow the Plaintiff to use its facilities and the Defendant's ongoing bias against the Plaintiff." *Id.* A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past discrimination. *Great River Indus., Inc.* at 272. Here, however, there are more than just the effects of past discrimination. Arguably, a new civil rights violation occurs every time the Plaintiff is denied access to Defendant's facilities, and Plaintiff is therefore not time-barred. Plaintiff has pled sufficient facts to demonstrate it was denied access in November 2003, therefore restarting the six-year limitations clock. *Id.* Summary judgment is denied as to Count IV.

## B. Plaintiff's Partial Motion for Summary Judgment

Plaintiff, Lincoln Rental Systems, seeks summary judgment on Count I of the complaint and on the counterclaim of Defendant, Lincoln Sanitary District. Specifically, Plaintiff asserts that 14 M.R.S.A. § 752, the six-year statute of limitations, bars any collection on the disputed bill from September 10, 1996. Defendant counters that under 14 M.R.S.A. § 865 (2003), Defendant may assert a counterclaim for breach of contract because it arises out of the same occurrence that is the subject matter of the Plaintiff's claim. 14 M.R.S.A. § 865 states, "[a]ll the provisions hereof respecting limitations apply to any counterclaim by the defendant except a counterclaim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim . . . [t]he time of such limitation shall be computed as if an action had been commenced therefore at the time the plaintiff's action was commenced." 14 M.R.S.A. § 865 (2005). Additionally, M.R. Civ.

3

P. 13(a) states, in relevant part, "a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." M.R. Civ. P. 13(a). Defendant is not time-barred because its counterclaim arises out of the 'same transaction or occurrence' found in the complaint—namely Plaintiff's delivery of sewage to Defendant's facility and the bill dispute and denial of services which followed.[1]

## C. Plaintiff's Motion to Strike

Plaintiff filed a Motion to Strike Defendant's Statement of Additional Material Facts. Specifically, Plaintiff objects to ¶ 14 of Defendant's Statement of Additional Material Facts. Paragraph 14 notes that Defendant's governing regulations gives it the discretion to revoke disposal privileges. Plaintiff argues this statement concerning regulations is only supported by Darold Wooley's affidavit, and does not contain a copy of the regulations. Plaintiff therefore contends that Wooley's statement is not admissible pursuant to the hearsay rule or M.R. Evid. 1002.

Pursuant to Defendant's Motion to Amend its Statement of Additional Material Facts, Defendant has provided an authenticated and admissible copy of the Lincoln Sanitary District Regulation of Sewer Use. *See* Second Affidavit of Darold Wooley, at ¶ 4. The language in these regulations supports Wooley's comments contained in ¶ 14 of the Defendant's Statement of Additional Facts. Additionally, M.R. Civ. P. 56(e) notes that "[t]he court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Fortunately, this flexibility allows the

---

[1] The Court is inclined to note that Defendant's honestly held belief that their seeker of services defaulted on a bill seems to be a reasonable reason to deny those services.

court to adjudicate cases with more information at its fingertips. Plaintiff's Motion to Strike is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Partial Motion for Summary Judgment is DENIED, Defendant's Partial Motion for Summary Judgment is DENIED, and Plaintiff's Motion to Strike is DENIED. The Clerk may incorporate this Decision and Order into the docket by reference.

Dated: March 29, 2006

Andrew Mead
Justice, Maine Superior Court

LINCOLN RENTAL SYSTEMS VS LINCOLN SANITARY DISTRICT ET AL
UTN:AOCSsr  -2004-0103385                    CASE #:BANSC-CV-2004-00203
-----------------------------------------------------------------------------
LINCOLN RENTAL SYSTEMS                                        PL
ATTY PICKERING, JOSEPH M.    Tel# (207) 947-4529
ATTY ADDR:293 STATE STREET BANGOR ME 04401

LINCOLN SANITARY DISTRICT                                    DEF
ATTY COFFIN, PHILIP M.  III Tel# (207) 874-4000
ATTY ADDR:477 CONGRESS STREET 14TH FLOOR PO BOX 15215 PORTLAND ME 04112-5215
ATTY CARRILLO, LUIS D.    Tel# (207) 874-4000
ATTY ADDR:477 CONGRESS STREET 14TH FLOOR PO BOX 15215 PORTLAND ME 04112-5215

M=More, Space = Exit:M

Select the EXIT KEY for page selection line.