# United States Court of Appeals
## For the First Circuit

No. 06-1903

ISABEL TORRES-ÁLAMO,

Plaintiff, Appellant,

v.

COMMONWEALTH OF PUERTO RICO; DEPARTMENT OF JUSTICE;
ROBERTO SÁNCHEZ-RAMOS, in his official capacity as Secretary
of the Department of Justice for Puerto Rico; PUERTO RICO
DEPARTMENT OF THE FAMILY; ABC INSURANCE COMPANY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella and Lipez, Circuit Judges,
and DiClerico, Jr.,* Senior District Judge.

Nicolás Nogueras, Jr. and Juan José Nolla-Acosta, on brief for
appellant.
Susana I. Peñagarícano-Brown, Assistant Solicitor General,
Salvador J. Antonetti-Stutts, Solicitor General, Mariana Negrón-
Vargas, Deputy Solicitor General, and Maite D. Oronoz-Rodríguez,
Deputy Solicitor General, on brief for appellees.

September 6, 2007

---

* Of the District of New Hampshire, sitting by designation.

**TORRUELLA**, **Circuit Judge**. On September 8, 2005, Appellant Isabel Torres-Álamo brought the present action against Appellees the Commonwealth of Puerto Rico ("Commonwealth"); the Commonwealth's Department of Justice ("DOJ"); the Secretary of the DOJ, Roberto Sánchez Ramos, in his official capacity; the Puerto Rico Family Department ("Family Department"); and an unnamed insurance company, seeking damages for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; the United States Constitution; and Puerto Rico law.

Appellant, who suffers from rheumatoid arthritis, has been employed as a social worker by the Family Department since 1965. The Family Department first accommodated Appellant's arthritic condition in 1990 by giving her a secretary to help with her daily duties. The Family Department discontinued the secretary's assignment thirteen years later, in May 2003, having decided that Appellant could function alone.

Appellant promptly requested that the secretary be reassigned to her as a reasonable accommodation of her disorder, but the request was denied. Appellant then filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC closed the case on June 16, 2005, and issued a right-to-sue letter. Accordingly, Appellant filed the present action before the U.S.

District Court for the District of Puerto Rico, requesting declaratory and monetary relief.

On September 20, 2005, Appellees filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) on the grounds that the ADA claim was barred by Eleventh Amendment immunity. Oddly, Appellees' motion to dismiss focused exclusively on Appellant's ADA claim and did not make any arguments as to the balance of the complaint. On February 16, 2006, the district court dismissed the ADA claim and reviewed Appellant's Title VII and constitutional claims sua sponte.

Appellant's complaint did not specify under which title of the ADA she rested her claim. The district court and the Appellee interpreted the complaint to bring a claim under Title I of the ADA. However, in Appellant's response to Appellee's 12(b)(1) motion, she conceded that Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356 (2001) (declaring States immune to claims under Title I of the ADA), protects States from being sued under ADA Title I, and asserted that her claim was a retaliation claim under Title V. This was the first time Appellant asserted a specific title of the ADA under which she was bringing a claim. The district court concluded that "Plaintiff cannot defeat the preclusive effect of Garrett on her ADA claim by morphing it into a Title V action at this post-motion stage. Plaintiff's complaint simply makes no mention of a retaliatory response directed at

statutorily-protected conduct." The district court thereafter dismissed Appellant's Title I claim as barred by Eleventh Amendment immunity under Garrett, and refused to interpret Appellant's complaint as alleging a Title V claim.[1]

The district court decided not to dismiss Appellant's complaint in its entirety, however, because Appellees had not adequately challenged Appellant's Title VII and constitutional claims, and Appellant, therefore, had no notice to defend herself on those counts.[2] But the district court ordered Appellant to show cause as to why her Title VII and constitutional claims should not also be dismissed.

The district court's order to show cause explicitly requested that Appellant (1) explain how her disability discrimination allegations gave rise to a Title VII claim, given that disabled persons are not protected under Title VII; and (2) brief whether the ADA provided an exclusive remedy for disability-based employment discrimination such that a constitutional claim based on the same facts was barred.

---

[1] The district court did not decide or even consider whether Garrett would bar a Title V claim. But the district court did note that, of the Courts of Appeal, only the Ninth Circuit has addressed this issue. See Demshki v. Monteith, 255 F.3d 986 (9th Cir. 2001) (extending Garrett to Title V of the ADA).

[2] Because two of Appellant's federal claims survived the Appellees' motion to dismiss, the district court did not dismiss Appellant's supplemental Commonwealth claims.

-4-

After requesting and receiving two time extensions, Appellant submitted a response to the district court. Appellant's response did not, however, address the district court's order to show cause. Indeed, the district court mused that when "[r]eading [Appellant]'s response to the order to show cause, one wonders whether she or her lawyer read [the] Opinion and Order at all." Instead, Appellant moved to amend her complaint to add a new claim of retaliation under Title V of the ADA, and a claim of age discrimination under the Age Discrimination in Employment Act ("ADEA"). On April 10, 2006, the district court dismissed Appellant's Title VII and constitutional claims for failure to show cause, and declined to continue to exercise supplemental jurisdiction over the Commonwealth claims. The district court then denied Appellant's motion to amend on the grounds that she could not amend because the complaint was already dismissed.

## I. Discussion

**A. The ADA Claim**

We review de novo the district court's order barring Appellant's claim under the ADA against the Commonwealth on the grounds of Eleventh Amendment immunity. See In re Rivera Torres, 432 F.3d 20, 23 (1st Cir. 2005). Like the district court, we interpret the Appellant's ADA claim to have been raised under Title I.

The Supreme Court "has consistently held that an unconsenting State is immune [under the Eleventh Amendment] from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). "Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects," Ramírez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983), and Eleventh Amendment immunity extends to state agencies such as Puerto Rico's Family Department, González de Blasini v. Family Dep't, 278 F. Supp. 2d 206, 210 (D.P.R. 2003).

Congress may abrogate the States' Eleventh Amendment immunity when it unequivocally intends to do so "and acts pursuant to a valid grant of constitutional authority." Garrett, 531 U.S. at 363 (internal quotation marks and alteration omitted). In Garrett, however, the Supreme Court invalidated Congress's abrogation of the States' immunity to claims under Title I of the ADA. Id. at 374. Accordingly, the Commonwealth is immune to all claims -- including Appellant's cause of action -- under Title I of the ADA.

## B. Failure to Show Cause

A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court.

Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002). We review the district court's dismissal of Appellant's remaining claims for failure to show cause only for abuse of discretion. Id.

Dismissal with prejudice is indeed a harsh sanction. Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007). In our review, we "balance the trial court's authority to impose such a sanction against the obvious policy considerations that favor disposition of the case on the merits." Batiz Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002). When balancing these interests, we give weight to substantive elements of the sanction, including the severity of the party's violation, mitigating excuses, and repetition of the violations, as well as procedural elements, such as notice and the opportunity to be heard. Benítez-García v. González-Vega, 468 F.3d 1, 5 (1st Cir. 2006).

Here, the district court's dismissal was not in any way an abuse of discretion. The district court's order to show cause clearly instructed Appellant to brief the court as to why her Title VII and constitutional claims should not be dismissed for failure to state a claim. However, after receiving two time extensions, Appellant's response to the order to show cause did not address the infirmities of her Title VII or constitutional claims. Instead, Appellant sought to amend her complaint to cure the legal

-7-

deficiencies of her ADA claim. This blatant disregard for the district court's order to show cause -- coming after Appellant had been given ample notice and time to cure her remaining claims -- tips the scales in favor of dismissal of Appellants unsubstantiated Title VII and the constitutional claims. See HMG Prop. Investors, Inc. v. Parque Indus. Río Cañas, Inc., 847 F.2d 908, 918 (1st Cir. 1988) ("[T]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal.").

## C. The Motion to Amend

We review the district court's denial of Appellant's motion to amend for abuse of discretion. Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006). We "will defer to the district court's hands-on judgment so long as the record evinces an adequate reason for the denial." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006).

When, as here, a motion to amend is entered before formal entry of judgment, the district court should evaluate the motion under the "liberal standard of Fed. R. Civ. P. 15(a)." Palmer, 465 F.3d at 30. Under this standard, "[a]mendments may be permitted pre-judgment, even after a dismissal for failure to state a claim,

and leave to amend is 'freely given when justice so requires.'" Id. (quoting Fed. R. Civ. P. 15(a)).

The limited reasons for denying a pre-judgment motion to amend include "undue delay, bad faith, futility and the absence of due diligence on the movant's part." Id. We find that Appellant's motion to amend harbored none of these defects. Appellant's motion was timely filed only six months after she filed her complaint and less than two months after Appellee had filed its answer. See id. (affirming a denial of a motion to amend that was filed over fifteen months after commencement of the action); see also Aponte-Torres, 445 F.3d at 58. Although the district court's scheduling order set January 18, 2006, as the deadline for filing amended pleadings, that was not a realistic date in as much as the defendant had not yet filed an answer. In addition, dismissal of the Title I claim would not necessarily preclude an amendment to add an entirely different claim, that is a claim under Title V of the ADA. Accordingly, we reverse the district court's denial of Appellant's motion to amend, and remand for consideration of the motion under Fed. R. Civ. P. 15(a).

## II. Conclusion

For the reasons illustrated above, we affirm the dismissal of Appellant's claims under Title I of the ADA, Title VII, and the United States Constitution; reverse the denial of the

Appellant's motion to amend the complaint; and remand in accordance with this opinion.

**Affirmed in part, Reversed in part, and Remanded**. No costs are awarded.