**Heriberto GARCIA–PARRA, Plaintiff**

v.

**Commonwealth of PUERTO RICO, et al., Defendants.**

**Civil No. 08–1245 (JAG).**

United States District Court,
D. Puerto Rico.

March 23, 2009.

Heriberto Garcia–Parra, Bayamon, PR, pro se.

Wandymar Burgos–Vargas, P.R. Department of Justice–Federal Litigation, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendants' Commonwealth of Puerto Rico and the Puerto Rico Department of Justice (hereinafter "Defendants") Motion to Dismiss. For the reasons set forth below the Court **GRANTS** Defendants' Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 27, 2008, Plaintiff Heriberto Garcia–Parra ("Plaintiff") filed a complaint against the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Department of Justice ("DOJ"), and Secretary Carter [1], individually and in his capacity as Secretary of the Administration of Correctional Facilities. (Docket No. 1). The complaint is unclear as to what is the cause of action that gave rise to this suit. (Docket No. 1). Plaintiff, a prisoner in a state facility, states that: 1) his criminal case should be retried because

---

1. The complaint does not specify Secretary Carter's first name, and efforts to find it have not yielded any results. The docket reflects a summons return executed on Secretary Carter, but it was not personally delivered to him but rather to the legal department of the Administration of Correction and Rehabilitation. Furthermore, counsel for Secretary Carter has failed to appear before this Court.

he did not have adequate counsel; 2) since the time of his trial he has found new information that could exculpate him from his criminal conviction; 3) an officer did not allow him to bring his case files into court, and when he resisted the officer hit him; 4) as a result of that incident he followed all administrative procedures applicable to prisoner grievances; 5) on another occasion, he had an accident in his prison cell and was not taken to see any medical personnel until two days after the incident. (Docket No. 1). Plaintiff proffers other unintelligible arguments that this Court shall not address at this time. Plaintiff seeks monetary damages. (Docket No. 1). Incidentally, Plaintiff's complaint proffers both a Section 2254, ineffective assistance of counsel claim and a 1983 civil rights violation claim.

On June 24, 2008, Defendants filed the present Motion to Dismiss. (Docket No. 10). Defendants aver that Plaintiff's complaint should be dismissed because the Commonwealth and the DOJ are protected against civil suits of this nature by Eleventh Amendment sovereign immunity. (Docket No. 10). Furthermore, Defendants argue that Plaintiff failed to exhaust administrative remedies. (Docket No. 10).

## STANDARD OF REVIEW

A. *Motion to Dismiss Standard*

 In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007) (quoting *Twombly* 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [Plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the Plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

 The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. See *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a Plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## ANALYSIS [2]

 Defendants argue in their Motion to Dismiss that the complaint should

---

**2.** This Court shall not address the issues of inadequate counsel and wrongful conviction as those are better suited for a 28 U.S.C. § 2254 action.

be dismissed on Eleventh Amendment immunity grounds. "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). *See Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority,* 991 F.2d 935, 938 (1st Cir.1993); *In re San Juan Dupont Plaza Hotel Fire Lit.,* 888 F.2d 940, 942 (1st Cir.1989); *Ramirez v. P.R. Fire Serv.,* 715 F.2d 694, 697 (1st Cir.1983).[3] For purposes of Eleventh Amendment immunity analysis, the Commonwealth of Puerto Rico is treated as a state. *See Redondo Constr. Corp. v. P.R. Highway & Transp. Auth.,* 357 F.3d 124, 125 n. 1 (1st Cir.2004). "Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects," *Ramírez v. P.R. Fire Serv.,* 715 F.2d 694, 697 (1st Cir.1983). Furthermore, Eleventh Amendment immunity extends to state agencies. *See González De Blasini v. Family Dep't,* 278 F.Supp.2d 206, 210 (D.P.R.2003). Moreover, Plaintiff does not argue that the Commonwealth has waived its immunity by any other means. Accordingly, Plaintiff's claims against the Commonwealth and the Department of Justice are barred by Eleventh Amendment immunity.

■ The Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) has set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

## CONCLUSION

For the reasons stated above this Court **GRANTS** Motion to Dismiss, and the Section 1983 claims against the Commonwealth and the DOJ are hereby dismissed with prejudice, and the claims for inadequate counsel and wrongful conviction are hereby dismissed without prejudice.

IT IS SO ORDERED.

---

**3.** The Eleventh Amendment provides that: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. Amend XI. Puerto Rico is considered a state for Eleventh Amendment purposes. *See Bernier–Aponte v. Izquierdo–Encarnacion,* 196 F.Supp.2d 93, 98 (D.P.R.2002) (*citing Negron Gaztambide v. Hernandez Torres,* 145 F.3d 410 (1st Cir. 1998)).